JOHN M. KIBBEE and JAMES M. BALL, Appellants,

*vs.*

HENRY H. HOWARD and ISRAEL PHILLIPS, Respondents.

### APPEAL FROM GREEN CIRCUIT COURT.

Upon a trial by the court, the jury being waived, the finding of the judge or court as to the facts established by the evidence, is as conclusive as the verdict of a jury.

Under § 207 of the Code, the sheriff's receipt is a sufficient discharge of the amount paid to the sheriff by one indebted to the execution debtor.

This was an action on a money demand by the plaintiffs, as the owners of a promissory note. The plaintiffs claimed against the defendants as the purchasers of a note given and executed by the said defendants to one Franklin J. Burt, bearing date March 19, A. D. 1858, for one hundred dollars, due on the first of June, A. D. 1858, which note was payable to the said Burt or bearer, and drew seven per cent. interest before due, and twelve per cent. after due. The said note was transferred by the said Franklin J. Burt to said plaintiffs on the seventh day of June, A. D. 1858, as collateral security for the payment of a demand held by said plaintiffs against Franklin J. Burt, the payee in said note, and Joseph Harris.

The complaint was as follows:

"That the defendants above named, heretofore at Decatur, Green County, Wisconsin, made their promissory note in writing, bearing date on the 19th day of March, 1858, whereby they promised to pay F. Burt or bearer, the sum of one hundred dollars by the first of June then next following, with interest at seven per cent. before due, and twelve per cent. interest after due, until paid. And although the said note became due and

payable, before the commencement of this action, yet the defendants have not paid the same. And the plaintiffs further say that they are the lawful owners and holders of the said note, and that the defendants are justly indebted to them thereupon in the sum of one hundred dollars principal, together with the interest at twelve per cent. from the first of June, 1858. Wherefore the said plaintiffs demand judgment against the said defendants for the said principal and interest, besides costs and disbursements of this action.

The defendants answered admitting the making of the note to Burt, as alleged in the complaint, denying the other allegations therein contained. And for a further defence, they alleged that if the plaintiffs were the owners of said note, the same was transferred to them after it became due. That on the 6th day of April, 1858, Burt made his promissory note to George Bancroft or bearer, for sixty-six dollars, one day after date. That said Bancroft transferred said last mentioned note for a valuable consideration to the defendants, before the 1st day of June, 1858, and before the commencement of this suit, and that they were the lawful owners of the same, and that there was due theron sixty-six dollars and interest from the 6th of April, 1858, and claimed to set off the amount thereof against the claim of the plaintiffs. And for a further defence, the defendants further alleged as follows, to wit:—On the 18th day of February, A. D. 1858, a judgment was duly recovered in the Circuit Court for said county of Green against Franklin J. Burt and Joseph Harris, for the sum of twelve hundred and five dollars and eighty-three cents, in favor of William S. Mudgett, William T. Dalton and Henry S. Kimball, of the firm, name and style of Mudgett, Dalton & Co., which said judgment was duly docketed in said county of Green on the 18th day of February, A. D. 1858. That the said Franklin J. Burt is the payee in said promissory note in said complaint mentioned. That on the first day of June,

A. D. 1858, an execution against property was duly issued on said judgment, and delivered to the sheriff of said county of Green. That afterwards, and after the said promissory note, in said complaint mentioned, came due and payable according to the terms thereof, and before the transfer and delivery thereof to said plaintiffs, (if transferred and delivered to said plaintiffs at all,) the said defendants paid the sheriff of said county of Green, upon said execution, the full amount of money which was due on said prommissory note in said complaint mentioned, deducting off-sets—that is to say, the sum of thirty-five dollars ; and thereupon took the said Sheriff's receipt therefor, in pursuance of section 204 of the " Code of Proceedure," of all which the said plaintiffs had due notice, which the said defendants claim to be a ' sufficient discharge for the amount so paid.' Wherefore said defendants demand judgment, &c.

After hearing the evidence, the Judge found the facts in in the case as follows, to wit :

" This cause having been brought on for trial, and a jury for the trial thereof having been waived by the parties now, after hearing the pleadings and proofs of the parties in open court, I do find as matter of fact, that the said plaintiffs held a promissory note against said defendants for the sum of one hundred dollars dated the 19th day of March, A. D. 1858, payable to F. Burt or bearer, drawing interest at seven per cent., and twelve per cent. after due until paid, which was transferred to said plaintiffs after it became due and payable. That it was due on the first day of June, A. D. 1858. Further, that F. Burt, the payee in the note upon which this action was brought, on the 6th day of April, A. D. 1858, made and delivered his promissory note to George Bancroft or bearer for the sum of sixty-six dollars, with use and payable one day after date. *That George Bancroft, the payee therein, transferred and delivered the said last*

*mentioned note to the defendants.* Further, that on the 18th day of February, 1858, judgment was rendered in the circuit court for the county of Green, against Franklin J. Burt and Joseph Harris, and in favor of Mudgett, Dalton & Co. That Franklin J. Burt is the payee in the promissory note upon which this action is founded, and the maker of the note to George Bancroft. That on the first day of June, A. D. 1858, an execution was duly issued upon said judgment, and delivered to the sheriff of said county of Green. That the said defendants paid the said sheriff upon the said execution on account of the note against them, and upon which this action is brought, the sum of thirty-five dollars, taking the sheriff's receipt therefor, in pursuance of section 204 of the Code of Proceedure. Further, as matter of law, that the said note made by the said F. J. Burt, in the hands of said defendants, is a good and valid off-set to the amount thereof against the claim of said plaintiffs; and that the sheriff's receipt for the amount paid to the sheriff upon said execution is a sufficient discharge for the amount so paid. As matter of law, that the sum of the note, with the amount paid to the sheriff, is an effectual defence to this action. And that the plaintiffs are not entitled to recover. I therefore find for the defendants. Upon which finding, judgment was afterwards rendered for the defendants for $38 balance found due them, from which judgment the plaintiffs appealed.

*Stevens & Kelly,* for the Appellants.

1. The circuit court erred in allowing, on the trial of this cause, the note given by F. J. Burt to George Bancroft, as an off-set to the plaintiff's demand against *both* defendants, when the proof on the trial of said cause clearly shows that only *one* of the defendants, Phillips, owned the note offered in evidence as an off-set. *Sec.* 1, *Chap.* 94, *Revised Statutes,* 1847.

2. The circuit court erred in finding that *both* the defendants bought the note given by Burt to Bancroft, and that the same was owned by *both* defendants, when the proof shows that only *one* of the defendants, Phillips, bought and owned the note.

*H. Medbury*, for the Respondents.


*By the Court*, COLE, J.   Instead of submitting this case to a jury, the parties saw proper to have it tried by the circuit court.   We suppose therefore that the finding of the court, as to the facts established by the evidence, is as conclusive as the verdict of a jury.   There was certainly some testimony tending to show that the note given by Burt to Bancroft, belonged to the defendants.   And the court finds distinctly that Bancroft transferred and delivered the same to them.   Under the circumstances then, there could be no doubt but this note was a good and valid off-set to the claim of the appellants.

Section 204 of the Code of Procedure, rendered the sheriff's receipt a sufficient discharge for the amount paid him.

The judgment of the circuit court must therefore be affirmed.