GEORGE A. SAYRE and JOHN D. GARDINER,
Appellants,

*vs.*

GEORGE LANGTON, Respondent.

APPEAL FROM BROWN CIRCUIT COURT.

A Circuit Judge or Court has power to make an *exparte* order, upon a proper application, extending the time for taking proofs before a commissioner.

Objections to the orders or ruling of the court, made in the progress of a cause, cannot be reviewed in this court, unless they are duly excepted to, and thus made part of the record.

An order of the Circuit Court, on the final hearing, suppressing testimony taken before a commissioner, is not a part of the record proper, and to be reviewed on appeal, must be made such by exception.

It is the manifest intention of the Code, that, on the trial of a question of fact by the court, the judge should state in his decision, separately, the facts found, and the conclusions of law thereon.

In a cause commenced and prosecuted to final hearing under the old forms of practice, a reference having been made to ascertain the amount due, and upon report thereon, a decree in the usual form, reciting such fact, the note and mortgage and amount due ; the judgment was allowed to stand upon such finding of facts.

This was an action for the foreclosure of a mortgage, commenced by the respondent against the appellant. After the issue was made up, the cause was removed to the Winnebago circuit. On the 8th day of May, said court, by consent of parties, made an order referring the case to John Last, a commissioner, to take testimony, by either party upon eight days notice to the opposite party ; and that all proofs should be taken within forty days from the date of such order, and returned into said court before the first day of July next ensuing. On the 15th of June, the judge made an *exparte*

order extending the time for taking testimony until July 15th, and after the expiration of such time, made another *exparte.* order extending the time until the 20th day of August next ensuing.

On the 13th of August, both parties appeared before the commissioner for the purpose of taking testimony, when the attorney for the respondent objected to the taking of testimony, for several reasons filed with the commissioner. Testimony was then taken, and afterwards returned into court.

On the hearing, the objections made before the commissioner were renewed, and were as follows:

1. No copy of affidavit on which order was founded, was served with the order, or at any other time.

2. That the notice, if any was served on the plaintiff personally while there was a solicitor on the record, and that no notice was served on the solicitor.

3. That the attempt to take testimony at this time is in violation of the stipulation and order on file, the time for doing so having expired.

4. That the circuit judge had no authority to make an *exparte* order extending the time.

These objections were, it would seem, sustained by the court, but no exceptions were taken by which they were brought to the record. All of the evidence being rejected, the usual decree of foreclosure was entered, following the old form of decrees in chancery. It is to be observed that all of the proceedings in this case, up to the final hearing, were had under the old practice in equity cases.

*Emmons & Van Dyke* for the Appellant.

*Howe & Beckwith* for the Respondent.

*By the Court,* COLE, J.   When the counsel for the appellants, upon the argument of this cause, were proceeding to discuss the correctness of the order of the circuit court, suppressing or ruling out the testimony taken before the commissioner, Last, on behalf of the appellants, which testimony it was suggested the circuit court had suppressed. for the reason that it was taken after the expiration of the forty days mentioned in the order of reference, and in pursuance of the order extending the time, &c., we stated that we were clear upon that point, and did not desire a discussion upon it.   We entertained no doubt of the power of the circuit judge, upon a proper application, to make an *exparte* order extending the time for taking proofs before the commissioner.   The opposite counsel, however, called our attention to the fact, that this was an appeal under the code, and that the record did not show that any exceptions were taken to the ruling of the circuit court, in that behalf, and therefore he insisted that the question as to the correctness of the order suppressing the testimony was not properly before us for review.   Upon looking into the record of the case, we do not find any exceptions taken to the ruling of the circuit court during the trial, nor even does the record show that any exception or objection was taken to any order or ruling of the circuit court up to the judgment rendered in the case.   Furthermore, the record does not show that there was any order of the circuit court suppressing any testimony, or that testimony was offered on the trial which was objected to ; nor, for that matter, does the record contain any evidence whatever, properly authenticated or incorporated in a bill of exceptions, which we can look at to determine the correctness of any ruling of the circuit court, or of the judgment finally entered.   Now it is very obvious that since the record presents no order suppressing testimony, nor any exceptions to any ruling of the court re-

jecting testimony. There is nothing upon that point for this court to review; for correct practice requires that if a party is dissatisfied with any ruling of the court during the progress of the trial that he take and preserve his exceptions so that we can review them. It is possible that testimony was suppressed in this case, or was ruled out, which the circuit court ought to have considered; and that exceptions or objections were taken to such action of the court, but this record shows nothing of the kind. There is nothing then for us to review; no objection or exception having been taken in the case.

Again the counsel for the appellants further objected to the judgment of foreclosure, which has been entered in this case, on the ground that the circuit judge had not stated in his decision the facts found by him, and the conclusions of law separately as required by § 177 of the code; and therefore he insists that the judgment must be reversed. It is manifest that the code requires the circuit court, upon a trial by the court of a question of fact, to state in the decision the facts found, and the conclusions of law. This is the plain, obvious meaning of the code, and cannot be disregarded without practically rendering this provision of law a dead letter. However, upon examining the record we find an order referring the cause to the clerk of the circuit court, to compute the amount due, principal and interest, upon the note and mortgage, and to report the same to the court. It further appears that the clerk reported that the respondent ought to recover from the appellants the sum of three thousand, two hundred and forty-eight dollars damages, etc. The judgment of foreclosure which follows, is the ordinary decree of foreclosure and sale in chancery cases; and states that the cause having been brought on to be heard, &c., and it appearing to the court that there is due to the complainant from the defendant George A. Sayre, on the note and mortgage in said bill, mentioned, for principal and interest the sum of three thousand,

two hundred and forty-eight dollars, &c., it is ordered and judged, &c.

It must be admitted, that all this record shows, a very informal finding of the facts, and the conclusions of law, as required by the statute, in a case tried by the court. The case was however commenced and the pleadings all made up long before the code went into operation. The judgment was rendered in September, 1857, and there was no objection taken to the finding of the court, that it did not conform to the provisions of the code, and no exceptions were taken to the judgment entered. And while we consider this finding technically defective, under the code, by not stating in the decision the facts found upon the evidence, and the conclusions of law separately, yet as no exceptions were taken, we are not disposed to reverse the judgment for that reason. Whether the failure of the circuit court to find the facts in any form, or to state the conclusions of law, would be a good cause for reversing a judgment, it does not become necessary to decide, since that question is not properly and fairly presented upon this record.

We see no other course to pursue consistently with well settled rules of practice but to affirm the judgment in this case.

The judgment of the circuit court is therefore affirmed with costs.