## KNOX vs. JOHNSTON, Executor, etc.

*Evidence—Finding.*

1. In an action to compel the discharge of a mortgage on the record, where the question was whether certain payments made by the mortgagor were applied by him at the time upon such mortgage (he being otherwise indebted to the mortgagee), the burden was upon the plaintiff to prove such application, at least by a preponderance of evidence.
2. A verified complaint in a former suit by one who was a witness for the plaintiff in this, having been put in evidence in the present action, and its allegations admitted to be false, must be considered in determining the credit due to such witness.
3. It is enough that a finding of facts, *in effect,* disposes of all the issues, though it does not do so in form.

Wis. xxvi—6

APPEAL from the Circuit Court for *Milwaukee* County.

Action to compel the discharge of record of a certain mortgage, and the surrender of two tax certificates belonging to the estate of defendant's decedent, and alleged to have been fully paid. The mortgage was made by Michael Page and wife, upon land which plaintiff now claims to own in fee, and the certificates covered the same land. The complaint states three causes of action, alleging, respectively, payment of said mortgage, and of each of said certificates; and the answer denies, as to each instrument, such payment.

The plaintiff's evidence tended to show that Mrs. Page made two certain payments of $500 and $300, respectively; that the first was, by agreement at the time, to be applied wholly on said mortgage, and the second in discharge of the balance due on said mortgage and of said tax certificates. Defendant's evidence tended to show that said payments were made generally upon Mrs. Page's indebtedness to the estate of defendant's decedent, and that they were applied in discharge of other debts due from her to the estate. The court found that plaintiff had failed to show, by a preponderance of evidence, that the $500 payment was applied upon the mortgage, and upon this finding dismissed the complaint. The plaintiff appealed from the judgment.

*Fraser & McWhorter*, for appellant.

*Butler & Winkler*, for respondent.

COLE, J. It is very evident that the burden of showing that the mortgage and tax certificates described in the complaint had been paid, rested upon the plaintiff. Hence it was necessary for him to show, by a preponderance of evidence at least, that the two payments made by Mrs. Page in February and May, were applied by her, when made, to the discharge of these specific incumbrances. Has he shown that those payments

were thus applied? We think not. True, Mr. and Mrs. Page both very positively swear that those payments were specifically appropriated in that manner when made. But the defendant and his mother as positively swear that they were not so applied, but were paid generally on indebtedness due the estate. The receipts offered in evidence show no application of the payments, the last one stating that the three hundred dollars were "*to apply on account.*" And in considering the degree of credit to which the testimony of Mrs. Page is entitled, it is impossible to shut out of view the verified complaint in the former suit, which was offered in evidence. The statements made in that complaint were positive, and were sworn to by her. It now appears that those statements were not true, and Mrs. Page should have known that they were not correct when she verified the complaint. This circumstance is well calculated to throw suspicion on her accuracy and credibility. It shows that "her memory is exceedingly unreliable and treacherous in reference to the times of payment of moneys" by her, or that she does not realize the importance of adhering to actual facts when making statements under oath. For ourselves, we could hardly agree with the circuit court in holding that "the witnesses appear to be about equally credible and their evidence entitled to about the same force and weight." In view of all the evidence, we think the preponderance of proof is in support of the supposition that the payments were neither applied by Mrs. Page, nor received by the defendant, upon the mortgage and tax certificates mentioned in the complaint.

The counsel for the plaintiff objects that the finding of the court was defective and insufficient, and did not pass upon all the issues raised by the pleadings. The court, in effect, found, that there was no satisfactory evidence of the application of the $500 payment to

the note and mortgage mentioned in the complaint, and this necessarily disposed of the other issues.

*By the Court.*—The judgment of the circuit court is affirmed.