# CASES DETERMINED

AT THE

## June Term, 1871.

28  103
94  666
95  237

## SANFORD VS. MCCREEDY.

*Note payable to bearer — Action by administrator — Pleadings, proof and judgment as to plaintiff's representative character — Effect of general denial.*

1. An administrator, whether foreign or domestic, may sue *in his own name* upon a note of the estate payable to bearer, although it was transferred to his intestate during the life of the latter.

2. The complaint in such an action need not state the source from which plaintiff acquired title; and such allegation, if made, need not be proved.

3. The representative character in which plaintiff brought suit was not put in issue, under the old practice, by a plea of the general issue, but only by a plea in abatement or in bar, and the general denial under the code has no greater effect in this particular than the old plea of the general issue.

4. Since ch. 264, Laws of 1860, in actions at law tried by the court alone (as well as in suits in equity) this court will not reverse the judgment on appeal because it is not sustained by the finding, if it is sustained by the evidence.

5. Plaintiff sued as administrator, on a note payable to bearer, and there was a general denial but no appearance by the defendant at the trial, and plaintiff merely read the note in evidence and rested, and there was no finding as to his representative character. *Held*, that there was no error in rendering judgment in his favor as administrator.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendant appealed from a judgment for plaintiff. The case is stated in the opinion.

*L. Wyman*, for the appellant, contended that the plaintiff could not take judgment in his favor individually, because the complaint avers that the note sued on was transferred to the deceased, Whipple, in his life time, and came into plaintiff's hands as administrator of the estate of said Whipple, and that the amount due thereon was due to him as such administrator. Till. & Shear. Pr., 84, and cases cited. 2. That the judgment could not be sustained as one in favor of the administrator of said Whipple: (1) Because plaintiff did not sue, and the judgment was not rendered in his favor, as such administrator. *Merritt v. Seaman*, 6 N. Y., 168; *Ogdensburgh Bank v. Van Rensselaer*, 6 Hill, 240. (2) Because plaintiff did not aver that he was ever appointed administrator of the estate of said Whipple, at any time or place. *Thomas v. Cameron*, 16 Wend., 580; *Wheeler v. Dakin*, 12 How. Pr., 537; *Shaldon v. Hoy*, 11 id., 11; *Beach v. King*, 17 Wend., 197; *Gillet v. Fairchild*, 4 Denio, 80; *White v. Joy*, 13 N. Y., 83; *Chautauqua Bank v. White*, 6 N. Y., 236; *Morrell v. Dickey*, 1 Johnson's Ch., 156; *Williams v. Storrs*, 6 id., 353; Stephen's Pl., 288. (3) Because the fact of administratorship, if pleaded in the complaint, was put in issue by the answer, and was not proven. *Prindle v. Caruthers*, 15 N. Y., 425, 429. Under the code, a general denial puts in issue every fact which the plaintiff would be bound to prove if that fact were specially denied. 2 Till. & Shear. Pr., 148, and cases cited. It is only when a defendant relies upon some affirmative defense that he is required to plead specially. This proposition is too obvious and too well settled to justify the citation of authorities.

*Finches, Lynde & Miller*, for the respondent, to the point that plaintiff was only required to make out a *prima facie* case, and might disregard immaterial allegations, cited 1 Hand (N. Y.), 124; 2 id., 83; 33 N. Y., 581. To the point that the production by plaintiff, at the trial, of the note, which was payable to bearer, was sufficient to entitle him to a verdict, they cited, *Brooks v. Floyd*, 2 McCord, 364; *Bright v. Currie*, 5 Sandf., 438;

*Robinson v. Crandall*, 9 Wend., 425. They also argued that the fact of plaintiff being administrator of Whipple's estate was not put in issue: (1) Because it was not a *material* allegation, and a general denial does not traverse immaterial allegations of the complaint. (2) Because at common law the plea of the gen· eral issue did not put in issue the appointment of an administrator, but that could be done only by a plea in abatement, or a special plea in bar (*Noonan v. Bradley*, 9 Wallace, 394); and the general denial under the code does not enlarge the scope or effect of the general issue. See 1 Monell's Pr., 557, for a full discussion of the question.

LYON, J. The action is upon a promissory note payable to Webster and Kimball *or bearer*. In the entitling of the summons and complaint, and also in the complaint, the plaintiff is described as the administrator of the estate of Jeremiah Whipple, deceased. The complaint is otherwise in the usual form of complaints in actions upon promissory notes brought by the owners and holders thereof against the makers, except that it alleges that the note in suit "was, before its maturity, and for a valuable consideration, duly transferred and delivered to the said Jeremiah Whipple, and the same came into the possession of said plaintiff as administrator of the estate of Jeremiah Whip · ple, deceased, and this plaintiff is now the lawful owner and holder thereof; that the same has not been paid, or any part thereof, but there is now justly due and owing to said plaintiff, as administrator as aforesaid, on the said note, the sum of two hundred dollars," etc.

The answer admits the making of the note as stated in the complaint, but denies each and every other allegation therein contained. It also sets up as another defense to the note, want of consideration, and notice to Whipple of such defense.

At the trial of the action the defendant did not appear. The plaintiff read the note described in the complaint in evidence, and rested his case. The circuit court found as fact

therein, that the defendant was indebted to the plaintiff upon such note to the amount due thereon by its terms, and gave the plaintiff judgment therefor. The judgment also describes the plaintiff as administrator of the estate of Whipple.* The defendant appeals from this judgment to this court.

We find no error in this judgment. If the action is by the plaintiff in his individual capacity, and the judgment is in his favor as such, and not as administrator, as the plaintiff claims, the evidence is sufficient to support the judgment. For it seems to be well settled that an administrator, whether foreign or domestic, may sue in his own name upon a note payable to bearer, although such note was transferred to his intestate in the lifetime of the latter. *Brooks vs. Floyd*, 2 McCord, 364; *Robinson vs. Crandall*, 9 Wend., 425; *Patchen vs. Wilson*, 4 Hill, 57; *Bright vs. Currie*, 5 Sandf., 433 — opinions by Bosworth and Duer, JJ., 437 and 438. In such case it was entirely unnecessary that the plaintiff should state in his complaint the source from whence he derived title to the note; and having stated it, it was not incumbent upon him to prove it. The mere production of the note on the trial was sufficient, *prima facie*, to entitle him to judgment.

If, on the other hand, the action is by the plaintiff in his capacity as an administrator, then we are of the opinion that the general denial in the answer does not put in issue the allegation in the complaint that he was such administrator, and hence, that the plaintiff was not required to prove the fact. Some of the authorities hold that a denial of the representative character of the plaintiff is matter in abatement, and others that it is matter in bar of the action (5 Robinson's Pr., 59, and cases cited); but the cases all seem to agree that such representative character is not put in issue by a plea of the general issue, but only by plea in abatement, or special plea in bar. *Noonan vs. Bradley,*

---

* The judgment is "that *Adam C. Sanford*, administrator of the estate of Jeremiah Whipple, deceased, the plaintiff, recieve of *James McCreedy*, the defendant, the aforesaid sum," etc., etc.          Rep.

9 Wallace, 394. I do not understand that the general denial under the code is broader in this respect than was the plea of the general issue under the old system of common law pleadings. That the effect of these two forms of pleadings is substantially the same, or at least that the general denial is not more extensive in its operation than the general issue, is often stated in works of authority; and we have not been referred to any adjudged case, neither have we seen one, which holds that in an action by an executor or administrator, the representative character of the plaintiff may be attacked under the general denial in the answer. In the absence of such authority, we think that a correct application of the general principles of law in respect to pleadings requires us to hold that the general denial alone does not put in issue the representative character of the plaintiff.

We are further of the opinion that if the action is by the plaintiff in his capacity of administrator, the judgment is rendered for him in the same capacity. The averments of his representative capacity are substantially the same in the complaint and in the judgment.

We have seen that the evidence is sufficient to support the judgment. The alleged insufficiency of the findings of fact by the court below are, therefore, of no importance. Since the enactment of chapter 264 of the General Laws of 1860, actions at law tried by the court without a jury, and suits in equity, are placed upon the same footing, when appealed to this court, in respect to the power and duty of the court to review the evidence. Before that enactment it was held, that in actions at law such finding was as conclusive as the verdict of a jury (*Kibbee v. Howard*, 7 Wis., 150); and that if the court failed to find upon any material fact put in issue by the pleadings, due exceptions being taken thereto, the judgment would be reversed on appeal. *Ogden v. Glidden*, 9 Wis., 46. It is true that in the latter case the principle was held to apply to both classes of actions. That case, so far as it relates to suits in equity, was

practically overruled in the later cases of *Catlin v. Heaton*, 9 Wis., 476; *Kimball v. Johnson*, 14 Wis., 674; *Felch v. Lee*, 15 Wis., 265; and perhaps in other cases. And as before observed, since the enactment of the law of 1860, actions at law tried by the court without a jury have been, and still are, on the same footing as suits in equity. In either class of actions, proper exceptions being taken, this court upon appeal must review the evidence. *Snyder v. Wright*, 13 Wis., 688. Such being the case, there is no good reason why the judgment should not be sustained if the evidence is sufficient to support it, even though the findings may be defective or erroneous.

*By the Court.*— Judgment affirmed.