Wrigglesworth vs. Wrigglesworth.

WRIGGLESWORTH VS. WRIGGLESWORTH.          •

|       |       |
| ----- | ----- |
| 45    | 255   |
| 78    | 175   |

FINDINGS: EXCEPTIONS.  *(1, 2) Failure to file finding of facts and conclu-*     45          255
*sions of law, separate from judgment:  How exception to be taken:*     114        [1]367,
*Whether fatal error.*
EVIDENCE.  *(3, 4) Parol evidence to explain contract.*
PLEADING AND JUDGMENT.  *(5, 6) How far judgment limited to relief*
*sought in complaint.*

1. In an action for specific performance of a parol agreement by which defendant was to use money furnished by plaintiff in purchasing land on their joint account, of which each was to own an undivided half, where defendant had taken title to the land in his own name, and had taken and retained the exclusive possession, the evidence showed that some averments of the complaint were true, but was conflicting upon some material questions of fact. No findings of fact or conclusions of law distinct from the judgment were made or filed; but the judgment "adjudges" that the plaintiff "has not sustained the allegations of his complaint, and that the same be and is hereby dismissed," etc.  Plaintiff excepted on the ground that no sufficient finding of facts or conclusions of law had been made or filed.  *Held,*

   (1) That the general finding and conclusion were sufficient, in the absence of any exception upon the specific ground that they were not distinct from the judgment.

   (2) That if defendant desired a finding upon any particular fact, he should have called the attention of the court thereto, and then have excepted if the finding thereon was unsatisfactory.

2. Whether, in an action tried by the court alone, a judgment sustained by the weight of evidence would be reversed solely for the want or insufficiency of separate findings of fact and conclusions of law, is not here decided.

3. Evidence is always admissible to show the circumstances under which a contract was made, and the relations of the parties to the subject matter, and to each other respecting the subject matter, where the terms of the contract are obscure in themselves in relation to the subject matter.  *Lyman v. Babcock,* 40 Wis., 503.

4. Under this rule, where letters were in evidence bearing upon the existence of the alleged contract between the parties, it was not error to permit the writer to testify that, at the time of writing, he (being an Englishman by birth) supposed the laws of this country to be like those of England in respect to the inheritance of real estate; that fact having some relevancy in construing the letters.

5. The action being merely for a specific performance, there was no error in refusing to order an accounting as to the moneys advanced by plaintiff to defendant; especially when the statute of limitations might be pleaded

to a claim for money loaned, but not to the action for specific perform-
ance.

6. Where the complaint is merely for equitable relief, plaintiff cannot have
judgment upon a purely legal cause of action. *Board of Supervisors v.
Decker*, 30 Wis., 624, and 34 id., 678, and other cases in this court.

APPEAL from the Circuit Court for *Walworth* County.
The case is thus stated by Mr. Justice TAYLOR:

"Action, commenced in December, 1877, to enforce the spe-
cific performance of an alleged oral agreement between the
parties, in relation to real estate. Plaintiff alleges that he
furnished defendant with money to buy some real estate, upon
the agreement that he should purchase the same on the joint
account of himself and the plaintiff, each to own an undivided
half of the real estate so purchased. The evidence shows that
plaintiff furnished the money as alleged in the complaint,
some in 1865 and some in 1866, and that defendant purchased
the lands described in the complaint in 1866, using some of
the money furnished by plaintiff in making the purchase, but
took the deed in his own name, and has been in possession of
the lands so purchased to the present time. Defendant admits
that when he received a portion of the money furnished by
plaintiff, there was an agreement to purchase as alleged in the
complaint, but alleges that, before he made the purchase,
plaintiff repudiated such agreement, and directed him not to
purchase any lands on his account, with his money. The evi-
dence also shows that, as early as 1867, plaintiff knew that the
real estate purchased by defendant had been purchased in his
own name, and that defendant then claimed to own the same
and did not recognize the right of the plaintiff to any part
thereof.

"The evidence is conflicting: plaintiff's testimony tending
to show that he has always claimed an interest in the lands so
purchased by defendant, and that defendant recognized his
interest in said lands; and defendant's testimony tending to
show that he never recognized plaintiff's right, and also tend-
ing to show that plaintiff claimed that defendant was indebted
to him for the money so furnished, as for money loaned.

"The court found that the allegations of the complaint were not sustained by the proof, and rendered judgment dismissing the complaint, with costs to the defendant."

Plaintiff appealed from the judgment.

The cause was submitted for the appellant on the brief of *A. S. Spooner.*

For the respondent, there was a brief by *R. R. & S. W. Menzie,* and oral argument by *R. R. Menzie.*

TAYLOR, J. After a careful examination of the case, we are unable to say that the finding of the learned circuit judge is against the weight of evidence. On the other hand, giving proper weight to the fact that the plaintiff did not commence his action for relief until ten years after it accrued, the finding of the learned judge is fairly sustained by the evidence.

The exception that there were no sufficient findings of fact or conclusions of law, we do not think well taken. The court below found generally that the allegations of the complaint were not proved, and that, as a conclusion of law, the complaint of the plaintiff should be dismissed, with costs. Although the findings are very general and are contained in the judgment itself, we think they are sufficient, especially as there was no exception that the findings were not separate from the judgment, the exception being simply "that no sufficient findings of fact or law have been made or filed." If the defendant desired that there should have been any particular finding of fact, he should have called the attention of the court to the matter of fact upon which he desired a separate finding, and, when the court found upon the facts so pointed out, should have taken an exception, if the finding was not satisfactory. *Mead v. Supervisors,* 41 Wis., 205. This court has held that when an action is tried by the court without a jury, the judgment will not be reversed because there are no separate findings of fact and conclusions of law, unless an exception be taken for that cause in the court below. *Sheldon v. Rockwell,* 9 Wis., 166. In *Sayre v. Langton,* 7 Wis., 214, it was held that if the *judgment* found all the facts necessary to

sustain the judgment, it was sufficient,.in the absence of an exception that such findings were not separate from the judgment. In *Remington v. Willard*, 15 Wis., 584, it was held that a general finding, " that, upon the proof by plaintiffs, the court finds all the facts set forth in the complaint," was sufficient. See also *Wittmann v. Watry*, 37 Wis., 238. In *Sanford v. McCreedy*, 28 Wis., 103, it was held that if the evidence sustained the judgment, it would not be reversed, though the findings were defective or erroneous. See also *Knox v. Johnston*, 26 Wis., 41. Whether, in any case, upon an appeal from a judgment rendered in an action tried by the court without a jury, this court would reverse the judgment solely for the want or insufficiency of separate findings of fact and conclusions of law, it is not necessary to decide in this case. See *Sage v. McLaughlin*, 34 Wis., 550, and *Sanford v. McCreedy*, *supra*.

In this case, the judge who tried the case having substantially found that the defendant did not make the contract set forth in the complaint, nor do any of the other acts upon which the plaintiff relies as a ground for the relief demanded, and the exception to the finding by the plaintiff not being put upon the specific ground that it was not separate from the judgment, we are induced to hold that it was sufficient to sup port the judgment. As the judgment is supported by the evidence, it is at best a technical objection to a matter of form, which, in furtherance of justice, should be disregarded.

We think there was no error committed by the court in the reception of the evidence objected to by the plaintiff. This court has held that, even in the case of a written contract, " evidence is always admissible to show the circumstances under which it was made, and the relations of the parties to the subject matter, and to each other respecting the subject matter, where, on the face of the contract, its terms are obscure in themselves, in relation to the subject matter." *Lyman v. Babcock*, 40 Wis., 503. This rule applied to this case fully justified the court in admitting the testimony objected to, not for the purpose of explaining the meaning of the letters re-

ferred to, but in order to enable the court to give a proper construction to the terms of the same.

The circuit court was right in refusing to order an accounting as to the moneys advanced by the plaintiff. The action was not for an accounting, but to enforce the specific performance of an alleged parol agreement in relation to real estate. It was a purely equitable action, and, the court having held that there was no such contract and no trust to be enforced, it was the duty of the court to dismiss the complaint, and leave the plaintiff to his action at law for the recovery of the money advanced. Especially should this be so in a case like the present, where the claim for money loaned might be met by a plea of the statute of limitations, which could not be pleaded to the action to enforce the trust.

This court has repeatedly held that when the plaintiff's complaint is for relief in equity, he cannot in that case have a judgment upon a purely legal cause of action. See *Newton v. Allis*, 12 Wis., 378; *Stevens v. Brooks*, 23 id., 196; *Larkin v. Noonan*, 19 id., 82; *Supervisors of Kewaunee County v. Decker*, 30 id., 624, and 34 id., 378.

*By the Court.* — The judgment of the circuit court is affirmed.

