Koplitz vs. Powell and others.

*January 10 — January 30, 1883.*

*(1) Contract for service held entire. (2) Work during unseasonable hours: extra compensation. (3) Excuse for nonperformance or for discharge.*

1. A contract to work for a period of seven months for $14 per month is an entire contract, and recovery can be had thereon only by showing full performance or a valid excuse for nonperformance.
2. A servant is not required to work during unseasonable hours unless the contract or the nature of the employment makes it reasonable that he should do so. But if he voluntarily does so, it is no ground for claiming extra compensation, or that there is a breach of the contract by the employer.
3. A mere request to perform such unseasonable service would not of itself justify a servant in quitting the employment; nor would his refusal to perform justify his discharge.

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

"This action is to recover for services rendered by the minor son of the plaintiff, under a special contract made by the defendants with the plaintiff, whereby it was agreed that the son should work for the defendants for the period of seven months from April 8, 1881, for the sum of $14 per month. A failure of such performance is alleged in the complaint and admitted upon the trial. As an excuse for such nonperformance, the complaint alleges that the son worked until July 25, 1881, when the defendants refused and prevented the plaintiff from completing his said contract, and without reasonable cause prevented the son from working longer, and ordered him to quit and leave their premises, contrary to the terms of said agreement. It further alleges that the son was unable to find employment elsewhere. In addition to a general denial, the defendants alleged the failure, neglect, and refusal of the plaintiff to perform his contract, and claim damages by way of recoupment. The court found for the defendants, and from the judgment entered thereon this appeal is brought."

For the appellant there was a brief by *Eaton & Gruenewald*, and oral argument by *Mr. Eaton*.

For the respondents the cause was submitted on the brief of *John W. Hume*.

CASSODAY, J. Beyond question the contract thus admitted was entire. Being entire, the plaintiff could only recover upon showing full performance on his part, or some valid excuse for nonperformance. *Jennings v. Lyons*, 39 Wis., 553; *Diefenback v. Stark, ante*, p. 462. The failure of such performance is conceded, and the absence of such excuse is found by the court. From a careful reading of the testimony we are convinced that there is evidence to sustain the finding. At least, there is no such clear preponderance of evidence in

favor of the plaintiff as would authorize this court to disturb the judgment. *Kibbee v. Howard*, 7 Wis., 150; *Evans v. Bennett*, 7 Wis., 404; *Hutchinson v. Eaton*, 9 Wis., 226; *Davis v. Judd*, 11 Wis., 11; *Stewart v. Stewart*, 50 Wis., 445. A rehearsal of the evidence would only incumber the reports, without being of any benefit to any one, and we therefore refrain from doing so. We think counsel were right in arguing that a servant is not required to work during unseasonable hours, unless the contract or nature of the employment make it reasonable that he should do so. If he voluntarily does so, however, it is no ground for extra compensation, and much less for claiming a breach of contract by the other party. This is but the converse of the proposition held in *Bast v. Byrne*, 51 Wis., 531, and necessarily follows from the reasoning upon which that decision was based. But the mere request to perform such unseasonable service would not of itself justify the servant in quitting the employment. Nor would the refusal to perform such unseasonable service justify his discharge by the defendants. If the son had in fact been unlawfully discharged, as claimed, then undoubtedly the plaintiff might have recovered for any damages sustained. *Everson v. Powers*, 89 N. Y., 527. But the difficulty with the plaintiff's case is that the court has found against him on the facts, and we are not authorized, for the reasons given, to disturb that finding. This disposes of the case, and renders it unnecessary to consider the other questions discussed in the briefs.

*By the Court.*— The judgment of the county court is affirmed.