# CASES DETERMINED

# January Term, 1911.

---

Loos, Respondent, vs. Geo. Walter Brewing Company, Appellant.

*January 11—January 31, 1911.*

*Master and servant: Requiring additional services: Discharge: Breach of duty: Questions for jury.*

1. As long as he is permitted to perform the services he contracted for, a servant cannot treat a mere request or direction to perform additional services as a discharge; but he may so treat a refusal to permit him to perform the substantial or principal service he agreed to perform and a direction to substitute a different service.

2. An employee of a brewing company having been sent to assist in the purchase of a saloon by a prospective customer of the company to whom the company was to loan the money to carry out the deal, the question whether, in accepting a commission from the vendor, such employee was guilty of such a breach of duty as to warrant his discharge is *held*, upon the evidence, to have been one for the jury, it being doubtful whether any wrong was intended or any real injury inflicted upon the employer's business.

3. If misconduct amounting to breach of the contract of employment existed at the time of a discharge, the employer can justify under it even though he did not know of it at the time.

Appeal from a judgment of the circuit court for Winnebago county: Geo. W. Burnell, Circuit Judge. *Affirmed.*

Action to recover damages for alleged wrongful discharge from employment under a written contract entered into Feb-

ruary 6, 1904, whereby it was agreed that plaintiff should render services to the defendant from March 1, 1904, to March 1, 1909, as salesman of its beer and beer products and as collector of its accounts and demands arising from sales of beer and beer products, and at times not so occupied it should be his duty in a general way to serve and assist in and about said business, according to his ability, and to observe and obey all proper directions that might from time to time be given him by the general manager or other authorized business representative of the defendant, for an annual salary of $1,200 payable in equal instalments at the end of each month. Plaintiff entered upon his employment at the stipulated time and remained therein until about April 16, 1906, when he claims he was discharged. Defendant denies that he was discharged, and alleges that, if he was, there was sufficient excuse therefor growing out of plaintiff's misconduct.

The jury by a special verdict found (1) that plaintiff was discharged from his principal employment; (2) that defendant was not justified in discharging him; (3) that plaintiff duly performed all the conditions of his contract while in the employ of the defendant; (4) that plaintiff did not cause any dissatisfaction among customers of the defendant with an intent to injure its business; (5) that plaintiff did not misrepresent defendant's business and management in a manner which tended to injure its business; (6) that plaintiff's conduct in the Hemple-Schmitz deal was not a breach of duty; and (7) that plaintiff was entitled to recover $1,681 with interest from July 29, 1909. From a judgment upon the special verdict entered in favor of the plaintiff the defendant appealed.

For the appellant there was a brief signed by *J. Elmer Lehr* and *Albert Krugmeier,* attorneys, and *H. C. Sloan,* of counsel, and oral argument by *Mr. Lehr* and *Mr. Krugmeier.*

For the respondent there was a brief by *H. D. Ryan* and *A. M. Spencer,* and oral argument by *Mr. Spencer.*

Loos v. Geo. Walter Brewing Co. 145 Wis. 1.

VINJE, J.   The assignments of error reduce themselves to two questions: Was the plaintiff discharged? and If so, was the defendant justified in discharging him?   It is not claimed by either party that there was a discharge from all employment under the contract; but the plaintiff claims that his principal employment was that of a salesman and collector, and that on or about the 16th day of April, 1906, he was required by the defendant to take permanent charge of its bottling department, and that such a requirement was equivalent to a discharge.   The defendant admits it required plaintiff to take charge of its bottling department, but maintains that he was asked to do so only temporarily while an investigation could be made relative to the alleged dissatisfaction of some of its customers claimed to have been caused by the plaintiff.   Upon the issue as to whether or not such change in employment was to be permanent or only temporary there was a sharp conflict of testimony, and the finding of the jury in favor of the plaintiff cannot be disturbed as against the clear preponderance thereof or as not supported by credible evidence.   Undoubtedly the plaintiff, under the provisions of the contract set out in the statement of facts, could be required to perform temporary services in the bottling department, and a request so to do would not constitute a breach of the contract of employment. He agreed to perform such or any other reasonable service at times when he was not occupied in his principal employment, namely, that of a salesman and collector.   It has been held that a request to perform an additional service of the same kind is not a discharge.   *Koplitz v. Powell,* 56 Wis. 671, 14 N. W. 831.   As long as the servant is permitted to perform the services he contracts for, he cannot treat a mere request or direction to perform additional services as a discharge. Neither would a master be justified in discharging a servant for a refusal to perform services outside the scope of his employment.   *Koplitz v. Powell, supra.*   But when there is a

refusal to permit the servant to perform the substantial or principal service he agreed to perform and a direction to substitute a different service, as in this case, then the servant may treat such refusal and direction as a discharge. *Cooper v. Stronge & Warner Co.* 111 Minn. 177, 126 N. W. 541; *Marx v. Miller,* 134 Ala. 347, 32 South. 765; *Roserie v. Kiralfy Bros.* 12 Phila. 209; *Warner v. Rector, etc.* 1 City Ct. R. 419; *Pepper v. Kisch,* 2 City Ct. R. 131. This is upon the principle that both parties are entitled to a substantial compliance with the contract, and that he who refuses to permit it is guilty of a breach thereof. The trial court, therefore, under the findings of the jury, properly held plaintiff was discharged. Even after a discharge the servant is under no obligation to enter upon a different employment in order to relieve his employer as much as possible from the loss consequent upon the breach of his contract. *Fuchs v. Koerner,* 107 N. Y. 529, 14 N. E. 445; Wood, Mast. & Serv. (2d ed.) sec. 127.

It remains to consider whether or not the defendant was justified in discharging plaintiff. The ground upon which justification was urged in this court was his conduct in the so-called Hemple deal. It appears that before plaintiff entered the employ of the defendant and while he was in the employ of another brewing company, Mrs. Hemple, who owned a saloon, told him that she would give him $200 if he would find her a purchaser for her saloon property. A Mr. Schmitz became a prospective purchaser, and he requested the defendant, who was to loan him some money to carry out the deal, to send some one to assist him. The defendant sent the plaintiff, because he was good at taking inventories, quick at figures, and able to draw the required papers. The deal was closed at $5,000, the price Mrs. Hemple put upon the property, and plaintiff received from her a commission of either $100 or $200. He says it was only $100, but she says it was $200. The defendant made a loan of $4,500 to

Schmitz on the property, and afterwards took it in payment of the loan, as Schmitz was unable to make the stipulated payments when they became due.   Later the defendant sold the property, but ·at what price does not appear.   Defendant claims this conduct on the part of plaintiff in accepting a commission from Mrs. Hemple warranted his discharge.   This court has said:

"It is not for every breach of duty that an employer is warranted in putting an end to a contract of employment before the appointed time.   In a controversy over such a matter, especially where the employment is of a business nature, requiring the exercise of judgment and discretion, the breach of duty is not *per se* a legal justification for a discharge of the employee, unless such breach evidences moral turpitude, or the conduct is manifestly injurious to the employer's business. So, where the question of the breach itself is undisputed, but the evidence leaves it in doubt as to whether there was any wrong intended, or any real injury inflicted, upon the employer's business, whether it constituted reasonable ground to discharge the employee is always ·a fact to be found by the jury."   *Schumaker v. Heinemann,* 99 Wis. 251, 255, 74 N. W. 785.

We cannot say in this case as a matter of law that the fact that plaintiff received a commission from Mrs. Hemple in the sale of her property to Mr. Schmitz evinced moral turpitude on his part or was manifestly injurious to defendant's business.   No pecuniary damage is shown.   It was contemplated that Mr. Schmitz should become a customer of the· defendant, and the evidence shows that he continued to be so as long as he carried on the business.   After he quit, the subsequent purchasers bought only part of their beer from defendant, but the jury was undoubtedly warranted in finding that such fact was not the result of the commission received by the plaintiff. We do not desire to be understood as commending the action of plaintiff.   Indeed, it comes close to the border line of a serious breach of duty.   For that reason it was properly left to the jury to say whether or not any wrong was intended or

any real injury inflicted upon the master's business. They found there was not, and we cannot say such finding was erroneous.

It appears that at the time defendant directed plaintiff to take charge of the bottling department it had no knowledge of the fact that he had received a commission from Mrs. Hemple. Such knowledge, however, was not necessary in order to entitle it to justify the discharge on account of the alleged misconduct. If misconduct amounting to a breach of contract exists at the time of a discharge the master can justify under it irrespective of whether or not he knew it at the time of the discharge. *Von Heyne v. Tompkins,* 89 Minn. 77, 93 N. W. 901; Wood, Mast. & Serv. (2d ed.) sec. 121. We find no error in the record.

*By the Court.*—Judgment affirmed.