THOMAS, Respondent, vs. BEAVER DAM MANUFACTURING COMPANY, Appellant.

*May 5—May 21, 1914.*

*Master and servant: Discharge of servant: Notice, giving reason: Justification: Other grounds: Sufficiency: Questions for jury.*

1. A notice to an employee of his discharge, giving a reason therefor, does not preclude the employer from justifying such discharge upon another ground then existing, even though it was not then known to the employer.
2. Any inexcusable substantial violation by an employee of instructions, or substantial neglect of duty, or any misconduct inconsistent with the relation of master and servant and which might injuriously affect the employer's business, regardless of any express agreement on the subject, constitutes good ground for discharging the employee.
3. What constitutes sufficient ground for discharging an employee is matter of law unless provided for in the contract of employment; but where the facts are in dispute the case, under proper instructions, should be submitted to the jury.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action to recover on a contract of employment. Plaintiff claimed he was employed by defendant for one year at a salary of $1,200, payable in monthly instalments of $100, and that before expiration of such period he was discharged with-

out cause and damages to the extent of the wages he might otherwise have earned.

Defendant claimed plaintiff was discharged for good cause, and that the balance due up to the time of such discharge was duly tendered.

The contract of employment was in writing. It obligated plaintiff, among other things:

1. To keep an accurate account of his expenses and report the same.

2. To devote all his time during the continuance of the contract to promoting the employer's interests.

3. It reserved to the employer the right to terminate the agreement on thirty days' notice for incompetency, neglect of duty, or refusal to obey instructions.

There was evidence tending to prove that plaintiff did not devote all his time to the performance of his duties; that he was unnecessarily absent therefrom one or two days a week on several occasions, and that once he was absent for some three weeks and made no account thereof to defendant. There was also evidence tending to prove that plaintiff charged as expenses $2 per day, regularly, when away from home, whether he spent this amount or not and sometimes when he did not spend anything. There was also evidence tending to prove that he disobeyed instructions on several occasions.

There was further evidence that defendant notified plaintiff by letter that his contract would expire by a particular date, mentioned, because the corporation had concluded to change its mode of selling, to which plaintiff replied that he should decline to accept a discharge except upon the conditions mentioned in the contract, to which defendant replied that, for plaintiff's benefit, he would be retained thirty days longer, if he so desired, but that at the end of that time his services would be dispensed with, adding: "If it will be any relief to you we will notify you to the effect that you have

proved incompetent to handle our line, and furthermore that you have had certain instructions that you have not followed out as per our instructions. We hope this will be sufficient notice." At the close of the evidence the court directed a verdict for plaintiff because of there not being any satisfactory evidence of conduct on plaintiff's part warranting his discharge, and because he was not in fact discharged for bad conduct.

The cause was submitted for the appellant on the brief of *C. C. Miller* and *C. G. Cannon,* and for the respondent on that of *Julius P. Frank.*

MARSHALL, J. If when respondent was discharged there existed an uncondoned justification therefor, regardless of whether it was then known to appellant, or whether the reason assigned for such discharge was sufficient, the trial court erred in holding that appellant was precluded by the first or any notice of discharge from proving an existing ground not therein referred to. *Loos v. Geo. Walter B. Co.* 145 Wis. 1, 6, 129 N. W. 645; *Von Heyne v. Tompkins,* 89 Minn. 77, 93 N. W. 901; *Crescent H. S. & I. Co. v. Eynon,* 95 Va. 151, 27 S. E. 935.

Under the terms of the contract appellant, acting in good faith and within the terms of its contract, had a right to determine for itself whether any of the stipulated grounds for discharging respondent existed. There being, at the best for respondent, evidence tending to prove incompetency and several substantial violations of contract duty, the trial court erred in directing a verdict in respondent's favor.

Any inexcusable substantial violation by an employee of instructions, or neglect of duty of a substantial character, or any misconduct inconsistent with the relations of master and servant and which might injuriously affect the former's business, regardless of any express agreement on the subject, constitutes good ground for discharging the employee.

What constitutes sufficient ground for discharging an employee is matter of law unless provided for in the contract of employment; but where the facts are in dispute the case, under proper instructions, should be submitted to the jury.

It is considered here that the case was not so clearly in favor of appellant as to require condemnation of the refusal to direct a verdict in its favor, since before the commencement of the action, it duly tendered respondent the amount due him for the time he served and kept the tender good; but that appellant's rights were entirely misconceived in directing the verdict for respondent.

*By the Court.*—The judgment is reversed, and cause remanded for a new trial.