NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0237n.06

Case No. 21-5276

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 14, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JACK L. SLINGER, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| PENDAFORM COMPANY, fka Penda | ) | TENNESSEE |
| Corporation, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUHRHEINRICH, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge. "Don't be the last man standing." Jack Slinger's employer, PendaForm, fired him for that statement to his coworkers. In an earlier appeal, we considered whether that statement amounted to solicitation. There, we found fact questions remained and remanded the case for trial.

Now it's back. This time, we review whether PendaForm breached its contract with Slinger.

I.

PendaForm Company, a plastic-manufacturing business, hired Jack Slinger to be its president and CEO. But when new owners bought PendaForm a few years later, they scaled back

Slinger's role at the company. While they waited for Slinger's contract to run out, he was told to work from home.

Not long after he started working from home, Slinger visited his old office to clear out his things. During his visit, Slinger allegedly warned several employees they should not "be the last man standing." When the company caught wind of the statement, it fired Slinger within a week.

PendaForm's termination letter said it fired Slinger "for cause" under his contract.[1] But Slinger didn't think the company had cause to fire him. And if it didn't have cause, Slinger is eligible for twelve-months' severance—worth hundreds of thousands of dollars. So Slinger sued, claiming he was fired without cause and should receive his severance.

The district court granted PendaForm's motion for summary judgment, concluding that Slinger's statement violated the contract's non-solicitation clause. We reversed and remanded for trial. *See Slinger v. PendaForm Co.* (*Slinger I*), 779 F. App'x 378, 383 (6th Cir. 2019).

And at the trial stage, the district court let Slinger raise another argument: Even if he did violate the non-solicitation agreement, it was void under Wisconsin law.[2] But the court refused to let PendaForm introduce a further justification for firing Slinger: evidence it had acquired during discovery that revealed Slinger had an affair with a subordinate.

The district court issued a series of orders after the bench trial. In the first, the court ruled that the non-solicitation agreement was void, so PendaForm couldn't fire Slinger for violating it even if his statement was "solicitation." The court also ruled that PendaForm waived all other

---

[1] Though the letter didn't specify a cause, for-cause firing under the contract may be for various reasons, including gross misconduct or violating the contract's non-solicitation clause.

[2] The district court framed this question as one of enforceability. But PendaForm never tried to enforce the non-solicitation agreement against Slinger; it merely relied on it as a reason for firing him. So the more precise question is whether the non-solicitation clause is unlawful and thus void under Wisconsin law, rather than whether it's enforceable. *See* Wis. Stat. § 103.465. Though the two are analogous under the Wisconsin statute, we reframe the inquiry as voidness for accuracy.

arguments that might support a for-cause firing and concluded that PendaForm thus breached the contract by withholding Slinger's severance.

PendaForm appealed.

## II.

PendaForm raises three issues on appeal. It contends the district court erred in (1) holding that the contract's non-solicitation clause is void; (2) finding that PendaForm waived or forfeited its argument that Slinger's statement constituted gross misconduct that warranted firing; and (3) barring PendaForm from admitting evidence of Slinger's relationship with a subordinate. We take each in turn, reviewing the district court's legal conclusions de novo and its waiver and forfeiture determinations for an abuse of discretion.

## A.

We start with whether the non-solicitation clause is void. Before assessing the merits, we must determine whether Slinger waived or forfeited the argument.

A party waives an argument when he intentionally relinquishes or abandons it. *See United States v. Olano*, 507 U.S. 725, 733 (1993). PendaForm says Slinger abandoned his argument that the non-solicitation clause was void because he conceded that the contract was enforceable. But the *contract's* enforceability is irrelevant here because Slinger's contract contains a severability clause. That means that an unlawful contract provision may be severed from the rest of the contract, leaving the remaining provisions intact and enforceable. *See Markwardt v. Zurich Am. Ins. Co.*, 724 N.W.2d 669, 682 (Wis. Ct. App. 2006). In other words, even if the non-solicitation clause is void under Wisconsin law, that wouldn't render the rest of the contract unenforceable. So admitting the contract is enforceable doesn't concede that the non-solicitation clause is also valid. Thus, Slinger didn't waive this argument.

PendaForm also contends Slinger forfeited the argument because he raised it for the first time on remand. But the district court didn't find it forfeited. And district courts have broad authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citation omitted). Determining whether a party forfeited an argument falls squarely within that authority. *Cf. In re Micron Tech., Inc.*, 875 F.3d 1091, 1101 (Fed. Cir. 2017). At bottom, the district court was free to consider Slinger's voidness argument even though he *could have* raised it earlier. So there was no abuse of discretion. And Slinger's voidness argument is properly before us. Thus, we move to the merits.

The parties agree that Wisconsin law governs their contract. And under Wisconsin law, any "covenant by an assistant, servant or agent not to compete with his or her employer or principal" that imposes an "unreasonable restraint" on trade or competition is "illegal, void and unenforceable." Wis. Stat. § 103.465. Slinger argues that's the case here.

The contract's non-solicitation clause bars Slinger from "soliciting any of [PendaForm's employees] to resign from their employment." R. 35-2, Pg. ID 242. Does this provision impose an "unreasonable restraint"? *See* Wis. Stat. § 103.465.

Under Wisconsin law, it does. The Wisconsin Supreme Court has found a nearly identical non-solicitation clause void and unenforceable. *See Manitowoc Co. v. Lanning*, 906 N.W.2d 130, 136–45 (Wis. 2018). In *Lanning*, the contract said the employee couldn't "solicit, induce or encourage any employee(s) to terminate their employment with [the employer]." *Id*. at 136. Reasoning that the "effect of" the non-solicitation clause was "to prevent" other employers from "competing fully . . . in the labor pool" and that the clause barred the employee from soliciting "each of the [employer's] 13,000 . . . employees regardless of the business unit in which they work or where in the world they are located," the Wisconsin Supreme Court held that the provision was

void because it unreasonably restrained trade. *Id.* at 139, 144. Slinger's contract closely resembles the contract in that case—so under the Wisconsin Supreme Court's logic, the same is true here. Thus, the non-solicitation clause in Slinger's contract is void.[3]

PendaForm resists this conclusion. It argues that *Lanning*'s reasoning shouldn't apply because this case doesn't involve an actual restraint of trade—in other words, because the company hasn't enforced the provision to keep employees from leaving. PendaForm might have a point if the statute restricted only the *enforcement of* such provisions. But it doesn't. It *voids* any provision that has the "effect of" unreasonably restraining trade. *Id.* at 137. And if the non-solicitation clause were put to use here, it would do just that.

For these reasons, the contract's non-solicitation clause is void. It thus has "no legal effect" and can't justify Slinger's for-cause firing. *Void*, *Black's Law Dictionary* (11th ed. 2019) (noting that "*void* can be properly applied only to those provisions that are of no effect whatsoever—those that are an absolute nullity"). So PendaForm's first argument fails.

B.

After the district court found the contract's non-solicitation clause was void, PendaForm had to pivot to a new justification for firing Slinger. So after trial, it argued for the first time that Slinger's statement could also justify his for-cause firing as "gross misconduct." But the district court found that PendaForm forfeited this argument. That wasn't an abuse of discretion.

Throughout litigation, PendaForm repeatedly asserted that it believed Slinger's statement violated *only* the non-solicitation clause. Indeed, PendaForm didn't raise the gross-misconduct

---

[3] PendaForm hasn't contested the district court's conclusion that the non-solicitation clause's restraint of trade is unreasonable. So it's forfeited any argument that it's a reasonable restraint of trade. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624–25 (6th Cir. 2013).

argument until after trial, once the district court had ruled that the non-solicitation clause was void.[4] But by then it was too late. *See Gregory v. Shelby County*, 220 F.3d 433, 442 (6th Cir. 2000); *Ordos City Hawtai Autobody Co. v. Dimond Rigging Co.*, 695 F. App'x 864, 875 (6th Cir. 2017) (holding that "parties generally forfeit claims or defenses not raised in the final pretrial order"). So the district court acted within its discretion in finding that PendaForm forfeited the argument.

PendaForm disagrees. It asserts that whether Slinger's statement amounts to gross misconduct is a legal conclusion that can't be conceded. But the issue isn't whether PendaForm conceded the answer (the *law*); it's whether PendaForm failed to timely raise the question (the *argument*). And PendaForm's failure to press the issue until after trial is textbook forfeiture. *See Gregory*, 220 F.3d at 442; *Ordos City Hawtai Autobody Co.*, 695 F. App'x at 875.

## C.

So we turn to PendaForm's final argument. It contends the district court erred by refusing to admit evidence (acquired during litigation, and thus known as after-acquired evidence) that it says provides an independent basis for firing Slinger for cause. But once again, we must first determine whether this issue is properly before us, since Slinger argues that PendaForm waived or forfeited its after-acquired-evidence argument.

Start with waiver. Slinger contends that PendaForm waived this argument by conceding in our first appeal that it was "*only* relying on Slinger's alleged breach of the non-solicitation agreement rather than any of the other provisions." *Slinger I*, 779 F. App'x at 379 n.1. But that statement didn't waive the after-acquired-evidence argument. That's because the district court had not yet addressed the issue. So it wasn't before us on appeal. As a result, PendaForm never

---

[4] To be sure, there's deposition testimony that PendaForm terminated Slinger "for cause" because his statements amounted to *both* solicitation and gross misconduct. But a deposition isn't the proper vehicle for raising legal arguments.

intentionally relinquished or abandoned its after-acquired-evidence defense. *See Olano*, 507 U.S. at 733.

Nor did PendaForm forfeit the argument. Unlike its gross-misconduct argument, PendaForm pressed this issue before the district court at each stage of the litigation. So the district court properly considered the issue below.

Thus, we turn to the substance. And we consider whether the district court abused its discretion by excluding PendaForm's after-acquired evidence. We conclude that it did.

The district court barred PendaForm from admitting after-acquired evidence of Slinger's relationship with a subordinate. In doing so, the district court relied on an unpublished Wisconsin Court of Appeals decision that, to the district court's eye, cast doubt on the admissibility of after-acquired evidence in breach-of-contract cases. *See* R. 84, Pg. ID 1393 (citing *Dan Samp Agency, Inc. v. Am. Fam. Mut. Ins. Co.*, No. 2009AP670, 2010 WL 3001398, at *4 (Wis. Ct. App. Aug. 3, 2010)). But when applying state law, we are "bound by decisions of the state's highest court." *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 624 (6th Cir. 2008). And the Wisconsin Supreme Court has answered this question.

The after-acquired-evidence defense applies to breach-of-contract claims in Wisconsin. *See Loos v. George Walter Brewing Co.*, 129 N.W. 645, 646 (Wis. 1911). Using this affirmative defense, an employer can fire an employee based on misconduct that constitutes cause, regardless of whether the employer knew about the misconduct at the time of termination. *See id.*; *Bd. of Regents v. State Pers. Comm'n*, 646 N.W.2d 759, 768–69 (Wis. 2002).

To be sure, *Loos* is an old case. But the Wisconsin Supreme Court hasn't overruled it. *Cf. Cook v. Cook*, 560 N.W.2d 246, 256 (Wis. 1997) (holding that Wisconsin's "supreme court is the only state court with the power to overrule, modify or withdraw language from" its previous

decisions). Thus, the district court misapplied Wisconsin law in excluding PendaForm's after-acquired evidence. That's an abuse of discretion. *See United States v. Lawrence*, 735 F.3d 385, 405 (6th Cir. 2013) ("An error of law is an abuse of discretion.").

\* \* \*

At the end of the day, a single issue remains: Whether PendaForm's after-acquired evidence is otherwise admissible. So on remand, the district court should first consider whether PendaForm may amend its answer to add this affirmative defense. If it can, the court should then address (1) whether the after-acquired evidence can be used here, and (2) whether PendaForm can show that it could and would have terminated Slinger based on that evidence.[5] The answers to these questions ought to conclude this story.

We affirm in part, reverse in part, and remand.

---

[5] In a footnote to its order barring PendaForm's after-acquired evidence, the district court suggested that PendaForm never addressed whether Slinger's relationship with a subordinate justified termination. That's wrong. PendaForm raised this argument in its memorandum in support of summary judgment below. *See* R. 35, Pg. ID 208–10. So the district court should consider the issue anew if it determines that PendaForm may amend its answer to add the after-acquired-evidence defense.