Bouldin J.
delivered the opinion of the court.
The appellant’s objections to the decree of the Circuit court sustaining the award of the arbitrator, although presented in various forms, are in effect but two.
I. That there was a mistake of law by the arbitrator apparent on the face of the award.
2. That the award was not final between' the parties, because it did not dispose of the claim of the appellee Thomas to an interest in the land.
Awards which are in substance and effect judgments of a tribunal of “the parties’ own selection,” are always favored in law as tending to the repose of society and the suppression of litigation. “ Expedit Reipublicm ut sit finis litium.” It is therefore only in cases of plain and *531 palpable mistake of law or fact that courts will interfere with an award otherwise regular. Indeed, on questions of law courts will not interfere with the award unless it he made to appear in some proper manner, that the arbitrator intended to decide according to law, and has plainly mistaken it. In what manner that fact shall be made to appear it is not necessary in this case to decide. Judge Staples, delivering the opinion of this court in the most recent case on the subject, Moore v. Luckess, to be reported 23 Gratt., 160, said, p. 164: “It may be considered as well-settled, that arbitrators being judges of the parties’ own selection, have rightfully the power to decide and finally adjudicate the law and facts of the case submitted to them. They may disregard the law entirely and decide upon principles of equity and good conscience exclusively. If, however, they mean to conform to the law, and they plainly mistake it, such mistake is sufficient to invalidate it.”
Invoking the latter proposition of law, the appellant contends that the arbitrator in this case plainly intended to decide according to law, and manifestly mistook the law, in this: that holding the contract in the case to be an “entire contract,” and the hiring an entire hiring for the year, he laid down as a rule of law to control his decision, “that Thomas, if entitled to recover at all upon that contract, is entitled to recover the hire or wages for the vahóle year;” whereas his right of recovery, in case of discharge without cause, should be limited to the amount of damages actually sustained by such illegal discharge. ~We think the proposition contended for by appellant, and not that laid down by the arbitrator, correctly propounds the law of the case; and if we were satisfied that the arbitrator -was controlled in his award by the rule of law thus assumed by him, we should be disposed to set the award aside for manifest mistake of *532 law; for we hold that if Thomas had been dischai’ged the day after he was employed, without fault on his part, but on the next day obtained as good or better employment for the year, although he would be entitled to a recovei’y against his employers for breach of contract on their part, he certainly would not be entitled to full wages for the year as the measure of damages. The arbitrator evidently thought otherwise, and laid down the law as above stated; but it is equally evident from the face of the award, that he did not deem it necessary to rely on that rule of law to sustain his aw7ard. In noticing the argument and authorities of the appellant he quotes from Chitty on Contracts, p. 580, as follows: “In order to justify the immediate discharge of a yearly servant, there must be proved against him moral misconduct, pecuniary or otherwise, willful disobedience or habitual neglect and he goes on to say: “As I have already said, there is no such proof in this case. In note 1, p. 579, same book, reference is made to the case of Byrd v. Byrd, 4 McCord, 246, in which it was decided that * where a planter without cause turns away his ovei’seer at a season of the year when it is impi’acticable to get employment, &c., &c., the overseer is entitled to the stipulated wages for the whole time.’ I have no doubt, therefore, that Thomas is entitled to the full amount stipulated to be paid him by the contract.”
We think it evident, from what we have thus quoted from the award, that the arbitrator did not base his decision on the pi’ineiple first announced as law; but, taking the rule established by the case in McCord to be law, he was of opinion that Thomas was, even in that view, entitled to full wages. Tie held that Thomas had been dischai’ged without misconduct on his part, when the year was nearly half gone, and he evidently was of opinion that it was then “impracticable to get employment; ” *533 and, “therefore,” on the principles of the case of Byrd v. Byrd, independently of his first proposition of law, he regarded Thomas as “entitled to the full amount stipulated to be paid him by the contract.” Taking the view which the arbitrator evidently did of the facts, he regarded Thomas as entitled to his wages under either rule of law referred to by him; and if the award can be sustained under either view, then the objection must fall. Taking, then, the same view of the facts with the arbitrator, as we are compelled to do in this case, we think the rule of law extracted by him from the ease of Byrd v. Byrd, rightly propounded the law of the case; and the award not being in conflict, but in accord therewith, we cannot say that it was made under misapprehension of the law.
"Whether the judgment of the arbitrator on the facts of the case was or was not right, is not for us to decide. If the record contains all the facts, we might be inclined to differ widely from him; but the weight and effect of the testimony was submitted to him, and we feel bound by his judgment thereon.
The next and only other question necessary to be considered is, whether the award was final? "Whether it disposed of all matters submitted to the arbitrator? It is insisted that it did not dispose of Thomas’ claim to the land — that this claim was a matter of controversy in the chancery cause, and not being disposed of, that the award was not final — was incomplete and void.
The chancery suit was brought by "Willoughby & Miner, but abated as to Miner by his death; and the submission was of “ the matters in controversy in this cause between the said "Willoughby and the said Thomas.” These were matters of controversy -with Willoughby, as survivor of Willoughby & Miner, by whom the suit was brought, and for whose benefit it was prosecuted. The *534 claim of Thomas was not that- lie had title to the land. That he never had; and any equity he might once have asserted to a portion of it under the contract of himself and Fahnestock with Hall was abandoned when he consented in writing to the conveyance of the entire tract by Hall to Willoughby, under whom Miner claimed. Thomas’ claim was not, in point of fact, to the land, nor to any part thereof, nor was it a claim against the plain' tiffs in the chancery cause, nor against Willoughby alone as survivor. It was not therefore a matter properly in controversy between Willoughby and Thomas. It seems to have been a claim against Miner alone, upon an alleged contract with him, which, if made at all, was secretly made in fraud of Willoughby, and for which Thomas seems from the evidence to have been fully satisfied by Miner. It is doubtful, therefore, to say the least of it,, whether, although in fact relied on in his answer, Thomas’ claim under this alleged contract was, or could have been, an issue in the cause. It amounted íd effect to a charge of fraud against Miner alone, sounding in damages-against him, hut not involving the title of Willoughby & Miner to the land, nor affecting the merits of the controversy.
But if it was a claim to an interest in the land, and was submitted to the arbitrator as such, we think it was definitively disaffirmed by the award. That award gave-to Thomas all he claimed under the contract of the 13th of March 1869, with Willoughby & Miner; thus, according to him, in our judgment, the very utmost extent of his rights, and necessarily disaffirming any claim on his-part to the land in question. The arbitrator evidently regarded this as “ res ad/judicaia ” by the decree of the 27th of September 1869, by which a receiver was appointed to take charge of the premises held and occupied by Thomas, until the 1st day of January 1870,. *535 “token the said premises shall be turned over to the plaintiffs in the case.” After providing that the receiver might allow Thomas to occupy the premises for the balance of the year on rent, the decree concludes as follows: “But said Thomas shall not occupy said premises longer than the ■first day of January 1870.” This decree was affirmed on appeal, by the District court, 4th judicial circuit, on the 27th January 1870, and the matters involved were treated by the arbitrator, and we think properly, as “res adjudicóla.” That decree substantially affirmed that Thomas had no claim to the land, or any part thereof, after the first day of January 1870, and gave it to the then plaintiff’s, and such we understand to be also the intent and effect of the award. We are of opinion, therefore, that the award covers all matters in controversy between the parties which were submitted to the arbitrator, and that there is no such error or mistake of law or fact on his part as should vitiate his award.
The decree of the Circuit court must be affirmed, with costs and damages to the appellee.
Decree affirmed.