## Staunton.

## CRESCENT HORSE-SHOE AND IRON CO. V. EYNON.

### SEPTEMBER 16, 1897.

1. MASTER AND SERVANT—*Dismissal—Damages.*—In an action to recover damages for an alleged breach of a contract whereby the defendant, in consideration of certain agreements on the part of the plaintiff, and the assignment to the defendant of certain patents, stipulates that it will retain him in its service for a certain period at an agreed price per month, and will issue to a trustee for his benefit an agreed amount of its stock, to be delivered to the plaintiff at the end of the agreed period of service, provided he fulfills his part of the contract, if within the period of service the defendant discharges the plaintiff without just cause, the plaintiff is entitled to recover the actual damages sustained by him by reason of not being allowed to complete his period of service. Upon the evidence in this cause he is not entitled to recover the value of the patents, nor of the stock, and all evidence of such value, or of what provision of the contract induced him to enter into it is irrelevant and immaterial. The rights of the parties are to be determined by the terms of the contract, and, in the absence of any stipulation for other damages, the plaintiff can only recover the actual damages sustained by reason of the breach.

2. EVIDENCE—*Harmless Error.*—Although the trial court may have refused to permit a proper question to be answered by a witness, its ruling will not be reversed where it appears that, at a subsequent stage of the trial, the facts sought to be elicited by the question were brought out, and no prejudices resulted from the refusal.

3. INSTRUCTIONS—*Correctly Stating the Law—Evidence to Support.*—An instruction which correctly states the law should, upon request, be given, if there is evidence on which to base it. If not full enough, the court should give a proper instruction upon the point.

4. MASTER AND SERVANT—*Dismissal—Existing Cause Unknown to Master —Instructions—Lack of Evidence to Support.*—Where a sufficient cause exists for the discharge of a servant, though not the inducing

motive for the discharge, nor even known to the master, it will justify the discharge, and the master may avail himself of it in defence of an action for damages for an alleged wrongful dismissal, but an instruction to that effect should not be given when all existing causes were known to the master at the time of discharge. The instruction is then without evidence to support it.

5. MASTER AND SERVANT—*Dismissal—What Skill Required of Servant.*—A master may discharge the servant if he does not do the work he was employed to do in a reasonably skilful manner. But reasonable skill is all that is required, unless the servant professes a higher degree of skill, and contracts to perform the work in the best manner.

6. MASTER AND SERVANT—*Dismissal—Motive of Master.*—In an action for a breach of contract of service, the servant may recover if he is discharged without sufficient cause regardless of the motive which induced the master to discharge him.

7. MASTER AND SERVANT—*Dismissal—Damages.*—In an action by the servant against the master to recover damages for an alleged improper dismissal from service, the jury cannot take into consideration other elements of damage than those which were caused by the dismissal.

Error to a judgment of the Circuit Court of Wythe county rendered February 24, 1896, in an action of covenant wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

Argued at Wytheville.   Decided at Staunton.

The evidence sufficiently appears in the opinion.   After the evidence was concluded the defendant asked four instructions, the first three of which the trial court refused to give, and in lieu thereof gave an instruction of its own.   The instructions asked by the defendant, and that given by the court, were as. follows:

*Instruction for Defendant, No. 1.*

"The court instructs the jury that under the terms and covenants of the agreement of July 1st, 1893, sued upon, the plaintiff is entitled to have issued to a trustee for his benefit, to be

held by said trustee, in accordance with the provisions or terms of this contract, $15,000.00 of common stock of the company; but he is not entitled to recover the value of such stock."

### *Instruction for Defendant No. 2.*

"The court instructs the jury, that a master in this case, the defendant company, has a right to discharge his servant, at any time, when that servant fails to perform the duties which he has undertaken, or that may be required of him, in a skilful and satisfactory manner; and that in this case the defendant company had the right to discharge the plaintiff, William Eynon, and he is not entitled to recover, unless his evidence shows that he was discharged without sufficient cause, or on account of malice; and unless the jury shall believe from the evidence that the said William Eynon was discharged without cause and through malice, they shall find for the defendant."

### *Instruction for Defendant No. 3.*

"The court instructs the jury that although a good cause for the discharge of the servant existed at the time of his discharge, and was not known to the master at the time, nevertheless he may avail himself of this cause as a defence to this action."

### *Instruction for Defendant No. 4.*

"If the jury believe from the evidence that the plaintiff, through negligence or want of skill, neglected or failed to perform the duties imposed upon him by his contract, as superintendent of the defendant's rolling mill, then the defendant had the right to discharge the plaintiff, on account of such negligence or want of skill."

### Court's Instruction.

"The court instructs the jury, that if they shall believe from the evidence, that it was agreed between the plaintiff and defendant, that the plaintiff should serve the defendant company as superintendent of its rolling mill, under the contract in writing, read in evidence to the jury, then it became, and was the duty of the plaintiff, to serve the defendant company in such capacity, for the period, and in the manner agreed on in a reasonably skilful, and faithful manner; and it became, and was the duty of the defendant on its part, to employ the plaintiff in such capacity as long as he, the plaintiff, performed his part of such contract and agreement; and the defendant company could not, under the law, discharge the plaintiff, against his will from said employment, unless the same was done for sufficient cause; and if the jury shall further believe from the evidence that the defendant company, did thereafter discharge the plaintiff from further service in said employment, without sufficient cause, then they will find for the plaintiff, and assess his damage, if any, at such sum as to the jury shall seem right from all the evidence in the case; not in any event, however, to exceed the sum mentioned in the plaintiff's declaration.

"But if the jury shall believe from the evidence that the defendant company did discharge the plaintiff from its said service for sufficient cause so to do, then they will find for the defendant."

There was a verdict for the plaintiff for the sum of fourteen thousand dollars, which the defendant moved to set aside, because contrary to the law and the evidence, but the court overruled the motion and entered judgment for the plaintiff, whereupon the defendant applied for and obtained a writ of error from this court.

*Bolling & Stanley*, for the plaintiff in error.

*Walker & Caldwell*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned in the petition was abandoned in the oral argument.

The second and third assignments of error are to the action of the court in allowing certain questions to be asked and answered.

The defendant in error insists that these assignments of error cannot be considered, because the bill of exceptions fails to show what the answers to the questions complained of were. As the judgment will have to be reversed on other grounds it is unnecessary to pass upon this objection. But as the same questions may arise upon the next trial, it will be proper to determine whether or not the character of evidence sought to be elicited by the questions was proper.

The action was brought to recover damages for an alleged breach of a contract, which contained, among others, the following provisions:

"Second. There shall be issued to the estate of the said William Seeman fifteen thousand dollars ($15,000.00) in full paid common stock of the said company, and to a trustee for the benefit of the said William Eynon fifteen thousand dollars ($15,-000.00) in full paid common stock of the said company, said stock being issued in consideration of the assignment hereinafter made by the third parties to the said company, and of covenants and agreements hereinafter made by the said third parties, or either of them.

"Third. In consideration of the said issues of common stock the third parties covenant and agree with the said company that the said Eynon shall remain in the employ of the said company, for a term of five years from the date of this agreement, and shall and will, during said period of five years, and one year thereafter, or during his connection with the operations of the company, and within ———— thereafter, should said period extend beyond five years, from said date, assign, transfer and set over to the said company any patents made or taken out or applied

for by him bearing directly or indirectly upon the manufacturing operations of the said company, or the patents hereinafter assigned.

"Third parties hereby assign and transfer to the said Crescent Horse-Shoe and Iron Company the following patents:

"406,711 roll for rolling horse-shoe blanks.

"406,712 plants of machinery for the manufacture of horse-shoes.

"406,713 horse-shoe bending machines.

"441,474 manufacture of blooms.

"Fourth. The said William Eynon in consideration of the said issue of common stock to a trustee for his benefit, agrees to remain in the employ of the said Crescent Horse-Shoe and Iron Company for a period of five years from the date hereof at a salary to be agreed upon by the said company, not less than one hundred and fifty dollars a month, and to give his whole time and attention to the affairs of the said company during that period, and should the said William Eynon leave the employ of the said company without its consent, or engage in any competitive business before the expiration of said period of five years, such action shall operate as a forfeiture of any and all claims of the said William Eynon to the said common stock, and the dividends and profits thereof, issued to a trustee for his benefit, and said common stock shall belong to the said company, and be transferred and delivered to it by the said trustee for cancellation. During said period of five years the said trustee shall hold said stock and collect any dividends thereon and pay over the same to the said William Eynon. At the expiration of said five years, and if the said William Eynon shall have complied with his above agreement with the said company, said trustee shall transfer the said stock to him absolutely."

The object of the suit was not to rescind the contract, nor to recover the value of the property which was assigned by the plaintiff, but to recover damages for its breach.

The breaches complained of were that the plaintiff in error

had discharged the defendant in error without just cause, and had failed and refused to issue the stock to a trustee as provided for in the contract.

The evidence objected to was as to the value of the patents at the time the defendant in error assigned them, and as to what provision in the contract induced him to accept the price named in it for the patents. It was wholly immaterial in this action what the patents were worth when assigned, or which of the provisions of the contract induced the defendant in error to enter into it. The rights of the parties were to be determined by the terms of the contract. There is nothing in the contract to justify the contention of the plaintiff that he was entitled to recover the value of the patents at the time he assigned them, or at any other time, because he was not permitted to continue in the service of the defendant company so as to develop the patents, and thus increase the value of his stock. In order to recover anything more for being discharged without sufficient cause than the actual damages which resulted to him from not being allowed to continue to work for the defendant company at the price agreed upon, it would have been necessary for him to have provided for it in the contract. This he failed to do.

The evidence was improperly admitted.

The fourth assignment of error is to the action of the court in refusing to permit one of the agents of the Horse-Shoe Company to state "what reasons the company had for discharging Mr. Eynon."

This was a proper question and the court ought to have allowed it to be answered, but no prejudice resulted from the court's refusal, as it appears from the bill of exceptions, which contains all the evidence, that this witness was allowed to state the acts of the defendant in error which led to, or were the reasons for, his discharge.

The fifth and sixth assignments of error are to the action of the court in refusing to give instructions numbered one, two, and three, respectively, offered by the plaintiff in error, and in giving its own instruction in lieu thereof.

There was no evidence tending to show that the plaintiff in error had refused to issue the stock (to which the defendant in error was entitled) to a trustee as provided for in the contract, or that any damages had resulted to him from its failure to issue it.  He was, therefore, not entitled to any damages, because the stock had not been issued.  Neither was he entitled to recover the value of the stock, even if the jury were of opinion that he had been discharged without sufficient cause.

The object of instruction No. 1 was to instruct the jury upon this point, and whilst not as full perhaps as it should have been, still its meaning could not have been misunderstood, and it ought to have been given; but, even if this were not so, the court when it undertook to give its own instruction in lieu of that and instructions Nos. 2 and 3 ought to have correctly instructed the jury upon this point.  This is wholly failed to do.

Instruction No. 3 informed the jury "that although a good cause for the discharge of the servant existed at the time of his discharge, and was not known to the master at the time, nevertheless he may avail himself of this cause as a defence to this action."

It is well settled that where a sufficient cause exists for the discharge of a servant, although not the inducing motive to the discharge, or even known to the master, it will justify the discharge.  The law only requires that there should be an actual breach of the express or implied conditions of the contract in order to justify the discharge, and, if such cause in fact exists, the master may avail himself of such breach in defence of an action brought against him for damages resulting from an alleged wrongful dismissal.  1 Minor's Inst. (4th Ed.) 212; 2 Add. on Contracts, (3d Amer. Ed.), sec. 890. The cause assigned at the time the defendant in error was discharged was that his reports of the material on hand were incorrect and misleading, and had caused a serious loss to the plaintiff in error.  Upon the trial there was evidence tending to show a failure on his part to account for certain cash in his hands, and to make certain

daily reports required of him.    But as all of these alleged acts of misconduct on the part of the defendant in error were known to the plaintiff in error before he was discharged, there was therefore no evidence in the cause upon which to base instruction No. 3, and it was properly refused by the court.

Instruction No. 2 did not correctly state the law, and the court did not err in refusing to give it.    A master has the right to discharge his servant if he does not do the work which he was employed to do in a reasonably skilful manner.    But reasonable skill is all that is required, unless the servant professes a higher degree of skill, and has contracted to perform the work in the best manner.    Wood on Master and Servant, sec. 155. There was no evidence tending to show that the defendant in error professed any extraordinary degree of skill, or had contracted to do the work which he had undertaken in the best possible manner.

The effect of instruction No. 2 was to declare to the jury that unless the defendant in error had performed his work in an absolutely skilful and satisfactory manner the plaintiff in error had the right to discharge him.    In this respect it was erroneous. It was also erroneous in stating that the defendant in error had no right to recover unless the jury believed that he was discharged without cause and through malice.    If he was discharged without sufficient cause, he was entitled to recover without regard to the motives which may have actuated the plaintiff in error in discharging him.. This is an action for breach of a contract, and the motive of the master in discharging the servant is not in issue, nor is it material. The question is whether a legal cause existed for the discharge.    Wood on Master and Servant, sec. 119; Wood's Mayne on Damages, sec. 43.

The instruction given by the court in lieu of instruction No. 2 was also erroneous.    By it the jury were instructed that if they believed from the evidence that the defendant in error was discharged without sufficient cause, they should assess his damages at such sum as might seem right to them from all the evi-

dence in the cause. Under the instruction they had the right to, and their verdict shows that they did, take into consideration other elements of damage than those which were caused by his dismissal, for in no view of the case could his recovery for wrongful dismissal have been equal to the amount found by the jury. As hereinbefore shown neither the value of the patents, nor the value of the stock for which he assigned them, nor damages for not being permitted to develop his patents, were proper elements to be considered by the jury in making up their verdict.

As we have seen, there was no proof that the defendant company had refused to issue the stock as provided for in the contract, or that any injury had resulted to him from its failure to issue it even if it had refused to do so. If the plaintiff had been dismissed from the service of the defendant without sufficient cause, he was entitled to recover the actual damages sustained by him in consequence of such illegal dismissal, and the jury should have been so instructed instead of being instructed as they were. *Willoughby* v. *Thomas*, 24 Gratt. 531, 533; 1 Minor's Insts., (4th Ed.), 212.

The judgment complained of must be reversed, the verdict set aside, and the cause remanded to the Circuit Court for a new trial to be had in accordance with the views expressed in this opinion.

*Reversed.*