# Richmond.

## HATTON v. MOUNTFORD AND ANOTHER.

### March 1, 1906.

1. MASTER AND SERVANT—*Contracts for Special Skill.*—In the absence of an express contract, only the ordinary and reasonable skill, care, diligence, and attention implied by law can be required of an employee. But if he contracts for a higher degree, he must perform his duties with that degree and grade of service for which he contracted. It is not sufficient in such case for him to show that he performed his duties with the ordinary and reasonable degree of care, etc., required by law in the absence of contract.

2. MASTER AND SERVANT—*Special Contract of Service—Care and Skill.*— A contract to teach music in a college, whereby the teacher contracts "to be perfectly loyal to the management of the school; to do or say nothing to the detriment of the college or teachers; to put forth his best efforts for the advancement of the department; to try to work in harmony with the assistant music teacher; and to assist in maintaining discipline in the college and home," calls for a higher degree and grade of service than the ordinary and reasonable efforts implied by law in the absence of a special contract.

3. MASTER AND SERVANT—*Special Contract of Service—Case at Bar.*—In an action by a music teacher against his employer to recover damages for an improper discharge, where it appears that he contracted, as set forth in paragraph two above, but the evidence shows that by his acts, omissions, misconduct, discourtesy to other teachers, and the use of vulgar and repulsive language in the presence of his pupils and friends of the school, he had about broken up the department of instrumental music at the school, it is error to refuse to instruct the jury that the plaintiff is not entitled to recover unless they believe from the evidence that he has given that degree of skill, care, diligence and attention in the performance of the duties he represented himself as ready and able to render, and contracted to render.

4. MASTER AND SERVANT—*Special Contract of Service—Breach—Instructions Covering Whole Case.*—In an action by an employee to recover damages for breach of a special contract by which he contracted for a higher degree of care and skill than the law implies in the absence of a special contract, it is error to give an instruction purporting to cover the whole case which omits any reference to the degree of care and skill required by the special contract to which much of the evidence was directed and concerning which the defendant tendered instructions which were rejected because equivocal or otherwise objectionable.

5. MISLEADING INSTRUCTIONS—*Effect.*—Where a misleading instruction has been given, and it cannot be said that the jury was not in fact misled thereby, the verdict should be set aside.

Error to a judgment of the Corporation Court of the city of Danville, in an action of trespass on the case.   Judgment for the plaintiffs.   Defendant assigns error.

*Reversed.*

The facts sufficiently appear in the opinion of the court.   The following are the three instructions mentioned in the opinion as tendered by the defendant and refused:

"DEFENDANT'S INSTRUCTION NO. 1 REFUSED.

"The court instructs the jury that if they believe from the evidence that, although the plaintiff, *G. F.* Mountford may possess the capacity to make a good teacher, if he failed to put forth the best efforts of that capacity while in the employ of defendant, then the defendant had a right to dismiss him without liability, and they must find for the defendant.

"DEFENDANT'S INSTRUCTION NO. 2 REFUSED.

"The court instructs the jury that if they believe from the evidence that the plaintiffs, G. F. and E. E. Mountford, failed

to put forth their best efforts for the advancement of the music department of Roanoke College of Danville, or failed to be perfectly loyal to the management of the school, or failed to try to work in harmony with the assistant music teachers, then the defendant had a right to discharge them, without further liability under the contract of employment, and the jury must find for the defendant.

"DEFENDANT'S INSTRUCTION No. 3 REFUSED.

"The court instructs the jury that every employee impliedly undertakes to obey the just and reasonable commands of the employer, and to be careful, diligent and industrious in the performance of what is intrusted to him to execute; and if they believe from the evidence that the plaintiffs failed under their contract of employment, in any of the above named particulars, then the defendant had a right to dissolve the contract and dismiss them without liability, and the jury must find for the defendant."

*Green, Withers & Green,* for the plaintiff in error.

*Julian Meade,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

The judgment to which this writ of error was awarded was obtained by the defendants in error against the plaintiff in error for damages alleged to have been sustained by the act of the latter in discharging the former from his employ.

Plaintiff in error was, on the date of the discharge of defendants in error, and for some time prior, the president of Roanoke

College, at Danville, Va. The college is an institution of learning for young ladies, situated in said city and conducted under the auspices of the Baptist church. Among its other departments is one of music, in which both vocal and instrumental music are taught, and prior to the opening of the session of the college, in September, 1904, a correspondence was begun between plaintiff in error and G. F. Mountford, one of the defendants in error, looking to the employment of Mountford and his wife to have charge of and conduct the music department of the college during its then ensuing session. Plaintiff in error prepared, signed and mailed to G. F. Mountford, to be signed by him and his wife, the following contract:

"DANVILLE, VA., July 29, 1904.

"This contract, entered into by and between R. E. Hatton, party of the first part, and G. Fryatt Mountford and wife, parties of second part; whereby parties of the second part agree to come to Roanoke College, of Danville, and unite in the building up of the college, and do what they can to that end, and to be perfectly loyal to management of school, and to do or say nothing to the detriment of the college or of the teachers. Prof. Mountford agrees to teach in the college, in the music department piano especially, and such other studies as necessary in the music department; to teach for a period of thirty hours per week; to put forth his best efforts for the advancement of the department; to try to work in harmony with the assistant music teacher; and to assist in maintaining discipline in the college and home. Mrs. Mountford agrees to supervise or assist in supervising and superintending the piano practice if necessary. For such the parties of the second part are to receive the sum of $550, for the session work, from R. E. Hatton. This is

to be paid by said R. E. Hatton, in eight equal payments if desired by said parties of the second part. It is further agreed that three months' notice is to be given before this contract is nullified, or teachers employed for next year, by either party.

                    Signed.    R. E. HATTON,
                         Party of the first part.
                    Signed.
                    Signed"

Mountford, instead of signing this contract as he received it, made a certain change therein, viz.: by inserting the words "payable monthly" after "in eight equal payments," and striking out the words "if desired by said parties of the second part"; and having made this change Mountford copied the contract and he and his wife signed it and returned it at once to plaintiff in error.

There is no evidence tending to prove any other contract than that signed by defendants in error and returned to plaintiff in error, except that no mention is made therein, or in the contract as prepared by plaintiff in error, of room and board to be furnished to defendants in error in addition to the salary they were to receive; but no question arises in this suit as to room and board, as that matter was agreed upon by correspondence, and they were in fact furnished room and board by plaintiff in error up to the time of their discharge on December 8, 1904, and about two weeks thereafter.

Their contract having been completed, defendants in error came to Roanoke College on or about September 18, 1904, and began the performance of their respective duties—Mountford as director of the department of music, and Mrs. Mountford supervising the piano practice. For about two weeks they performed their duties fairly satisfactorily, as is admitted, but from

that time on until their discharge, plaintiff in error a number of times, as he claims, considered it necessary to remonstrate with Mountford and ask for a better performance of his duties, complaints having been made that he had not only been negligent in the performance of his duties in several respects, and on a number of occasions, but on one occasion was guilty of the use of vulgar and repulsive language in the presence of one of his pupils, and the brother of another.   These remonstrances were of no avail, and in the latter part of November, 1904, nine of the young ladies in the department of instrumental music went to plaintiff in error's office at the college and vigorously complained of Mountford, and, after stating their grievances, notified plaintiff in error that they would stop instrumental music, or leave the college altogether, if Mountford was retained as director of music.   By reason of this act of these young ladies, plaintiff in error again remonstrated with Mountford, and warned him that unless he gave proper attention to his duties he would be dismissed, and plaintiff in error about this time began a correspondence with a musical agency looking to providing a substitute should the discharge of Mountford become necessary.

On the 8th of December, 1904, a paper signed by nineteen of the twenty-three or twenty-four pupils of the college, then in Mountford's department, was presented to plaintiff in error, and, after inquiry of some of the signers as to the causes for their presenting the paper, he called Mountford into his office, explained the purport of the paper, which was that Mountford had been so negligent and inefficient in the discharge of his duties, the signers refused to study under him after the beginning of the second term of the school (the second half of the session), and told Mountford that under the circumstances he could no longer retain him and his wife, and must dismiss them,

which he did then and there. At Mountford's request, a number of the young ladies who had signed the paper referred to were brought into his presence and questioned as to their reasons for sending in the paper, and their answers given in Mountford's presence; whereupon he was informed that his dismissal could not be withdrawn.

The foregoing are the facts, many of which are not controverted, relied on by plaintiff in error to justify him in discharging defendants in error, except as applied to Mrs. Mountford, she having been, as is claimed, negligent in two respects which we do not deem it necessary to consider.

The verdict and judgment on plaintiff in error's special plea of not guilty, and a plea of tender of the true amount due to defendants in error for services to date of their discharge, was in favor of the latter, as damages, for $628.00, subject to a credit of $98.44, paid into court by plaintiff in error.

There were no instructions asked or given for defendants in error, and the first assignment of error is the refusal of the court to give three of the five instructions asked by plaintiff in error.

No. 5 deals solely with the amount of damages recoverable by defendants in error, and need not again be referred to.

No. 4 is as follows: "The court instructs the jury that if they believe from the evidence in this case, that the plaintiffs, Professor and Mrs. Mountford, or either of them, so conducted themselves that, by their carelessness, negligence or inattention to their duties, or by their neglect and failure to perform the same, or that the plaintiff, G. F. Mountford, by his rudeness and discourtesy to the students and pupils in his department, so conducted himself as to prejudice, injure, or damage the defendant, Hatton, in his business as principal of Roanoke College, or that such carelessness, inattention and negligence in

performing, or in neglecting and failing to perform such duties, or that such rudeness and discourtesy to his said pupils and students in his said department were calculated to or might prejudice, injure or damage said defendant, Hatton, in his said business, by causing said pupils and students, or any of them, to leave said institution, or to refuse longer to take music under said plaintiffs, or either of them, in said college, that then the defendant, Hatton, had the right to dismiss and discharge said plaintiffs without notice, and without furnishing board and room, and without paying further salary beyond the time of dismissal, notwithstanding said defendant, Hatton, had agreed to furnish said plaintiffs room and board and to pay them $550.00 for services for a full session, and to give three months' notice before terminating their contract, and they should find for the defendant."

The questions in the case were, first: What was the contract between the parties? and, second, Had defendants in error, or either of them, been guilty of such misconduct or neglect in the discharge of their duties, as, under their contract, justified plaintiff in error in discharging them from his employ?

Where there is no express contract between an employer and an employee, imposing upon the latter a higher degree of skill, care, diligence, and attention in the discharge of the duties of the position he contracts to fill, only the ordinary and reasonable skill, care, diligence, and attention implied by law can be required of him. But if an employee contracts for a higher degree of skill, &c., than the law implies, he cannot excuse himself from a failure to live up to his contract by merely showing that he performed the duties of his position with the ordinary and reasonable degree of skill, &c., required of him by law. He must perform his duties with the degree and grade of service for which he contracts. *Crescent Horse Shoe Co.* v. *Eynon,* 95

Va. 151, 27 S. E. 935; Wood on Master and Servant, sec. 155.

As we have already observed, there was, so far as this record discloses, no evidence tending to prove a contract between these parties other than that set forth in the paper set out above, as copied by Mountford, signed by himself and wife and returned to plaintiff in error, except as to board and room to be furnished by the latter to the former omitted from the contract as originally drawn by plaintiff in error and as changed and copied by Mountford, about which there is no controversy. By that contract the duties to be performed by defendants in error were set out, and they contracted "to be perfectly loyal to management of school, and to do or say nothing to the detriment of the college or of the teachers," and Mountford, as teacher "in the college in the music department, piano especially, and such other studies as necessary in the music department," agreed "to teach for a period of thirty hours per week; *to put forth his best efforts* for the advancement of the department; to try to work in harmony with the assistant music teachers, and to assist in maintaining discipline in the college and home." If in fact this was the contract between the parties, it called for, not the ordinary and reasonable efforts implied by law, but a higher degree and grade of service.

As to whether or not Mountford performed his duties with reasonable and ordinary skill, diligence and attention, there is a sharp conflict in the testimony, and there is also conflict as to whether he *put forth his best efforts for the advancement of the* music department. But upon the point made as a justification of the discharge of Mountford, that by his acts, omissions, misconduct, discourtesy to other teachers, and the use of vulgar and repulsive language in the presence of his pupils and friends of the school, he had about broken up the department of instrumental music at the college, there is little or no conflict. It is

proved by every witness examined on behalf of plaintiff in error, except two who were not asked as to it, and it was also proved by the petition above referred to, signed by 19 of the 23 or 24 young ladies in Mountford's department, offered in evidence, and, in fact, no attempt is made by Mountford or his witnesses to refute it.  Mountford does not deny that he used vulgar and repulsive language in speaking of a mistake made by one of his pupils, to a brother of another one of his pupils, in the presence of still another, but merely says that he did not recall using the language, but if he did he would not have used it if he had known of the presence of the young lady in the room.  It is also an uncontroverted fact in the case that the music department in a young ladies' college, under present conditions, is indispensable, and the most profitable department of such a college.  So that, with that fact, and the further fact testified to and practically not denied, that Mountford had by his misconduct, negligence and other acts about destroyed that department of Roanoke College, so far as the first half session of 1904-'05 was concerned, plaintiff in error was entitled to an instruction that the defendants in error were not entitled to recover in this action unless the jury believed from the evidence that they had given that degree of skill, care, diligence and attention in the performance of the duties they represented themselves as ready and able to render, and contracted to render. While instruction No. 4 given is a complete and comprehensive statement of the law applicable to a case where an employee has contracted for no higher degree of skill, care, diligence and attention in the discharge of the duties he undertakes than that implied by law, viz: ordinary and reasonable, it does not cover this entire case, and left the jury free to find for defendants in error if they believed from the evidence that defendants in error discharged their duties to plaintiff in error

with ordinary and reasonable skill, etc., although they had contracted for a higher degree of efficiency, skill, etc.

The purpose of instructions Nos. 1 and 2, refused, was to direct the attention of the jury to the higher degree and grade of capacity, skill, etc., that the evidence tended to show their contract required of them than is implied by law in ordinary contracts between master and servant, and to instruct the jury that if they believed that Mountford had not put forth his best efforts, etc., or that defendants in error had by their lack of capacity and skill, inattention to their duties, or misconduct, violated their contract, plaintiff in error had a right to discharge them from his employment, without liability in damages for doing so.

Instruction No. 4, given, purported to cover the entire case, yet omitted to bring to the attention of the jury the point contended for by plaintiff in error, viz: that defendants in error had contracted for a higher degree and grade of skill, etc., in the discharge of the duties of the positions they undertook to fill, than the law implies, and as indicated in the instruction No. 4.

It may be conceded that instructions Nos. 1 and 2, refused, were equivocal in submitting that phase of the case to the jury; or were otherwise objectionable, yet as it was a material point in the case, to which much of the evidence was directed, it should have been covered by the instruction No. 4, which was given as covering the entire case. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869; *Crescent Horse Shoe Co.* v. *Eynon,* *supra.*

Instruction No. 4 was one of a series of instructions intended to cover the whole case, and when left standing alone, was clearly misleading, for the reason that under it the jury might have found their verdict in favor of the defendants in error

without taking into consideration the question whether or not they had performed their duties with that higher degree and grade of service for which they had contracted, than that implied by law where there is no such contract. In our view of the case it cannot be said that the jury were not so misled, and, therefore, the judgment on their verdict complained of must be reversed and annulled, and the cause remanded for a new trial to be had in accordance with the views expressed in this opinion.

*Reversed.*