# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## SUTHERLAND V. EMSWILLER.

November 17, 1910.

Absent, Cardwell, J.

1. EJECTMENT—*Parol Disclaimer of Title—Boundaries—Change by Parol Agreement.*—Although two adjacent lot owners agree by parol upon a boundary line between them different from that called for by their deeds, and erect a fence on the new line, a purchaser of one of the lots whose deed calls for the original line is not bound thereby although he knew of the agreement before his purchase, and saw the fence on the new line. No mere parol agreement to establish a boundary, and thus exclude from the operation of a deed land embraced therein can divest, change, or affect the legal rights of the parties growing out of the deed itself.

Error to a judgment of the Circuit Court of Shenandoah county in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*F. H. Brumback* and *Tavenner & Bauserman,* for the plaintiff in error.

*Walton & Walton,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Benjamin Sutherland brought his action of ejectment to recover of Fanny M. Emswiller a parcel of land in the town of Woodstock, described as part of five feet of a ten-foot

alley, beginning at a point in middle of said alley on Main street between the residences of Benjamin' Sutherland and Fanny M. Emswiller and running westward to the line of John Haas. The defendant appeared and pleaded not guilty, and upon the evidence placed before the jury they found a verdict for the plaintiff, subject to the defendant's demurrer to the evidence; and upon the demurrer, the court holding that the law was with the defendant entered judgment accordingly, and the case is before us upon a writ of error.

The first deed which we need mention is one from Monroe Miller and wife to Levi Emswiller, dated the 8th day of September, 1904, in which is conveyed a certain house and lot on the west side of Main street in the town of Woodstock from which it appears that "one-half of the ten-foot alley is hereby expressly reserved by said grantors." Levi Emswiller conveyed this house and lot to Fanny M. Emswiller by deed dated October 2, 1905, which contains the following provision: "The real estate includes all that passed under and was conveyed by deed to said Levi Emswiller by Monroe Miller, including the five-foot alley and all other privileges, rights and ways." By deed dated November 16, 1906, Monroe Miller conveyed to Benjamin Sutherland, the plaintiff in the court below and plaintiff in error here, a certain lot of ground known as lot 72 in the plat of the town of Woodstock, "also five feet of a ten-foot alley reserved in the deed of G. Monroe Miller to Levi Emswiller." The lot of the plaintiff in error is lot 72 in the plat of the town of Woodstock, and the lot of defendant in error is lot 73 in the plat of this town, and between the two is the ten-foot alley, five feet of which was conveyed to Emswiller by Miller and the remaining five feet subsequently conveyed by Miller to Sutherland.

After the deed from Miller to Levi Emswiller, he and Miller went upon the premises, ran a line and built a fence, and Miller in his testimony describes that occurrence as fol-

lows: "I owned lots 72 and 73. I sold lot 73 to Levi Emswiller in September, 1904; reserved alley next to my remaining lot. While I was owner of lot 72 and Emswiller of lot 73, Emswiller and myself divided the alley-way between us. We measured five feet from house on lot 72 and put an iron pin in there and run a straight line to post in back fence. We ran a line and built a fence on the line which we ran—I own part next to street, Esmwiller the back end. I was in possession on my side, until sold to Sutherland, and he (Levi Emswiller) on the other side. Sutherland went in and looked at the lot and fence after fence was built—about thirty days afterwards." The line thus established between lots 72 and 73 was a diagonal line, by which the alley reserved to the Sutherland lot was five feet at one end and ran back to a vanishing point at the other.

The circuit court was of opinion that the line having been established by mutual agreement between Miller and Emswiller before Sutherland acquired title, a fence having been erected upon this agreed line, and the parties having taken and held possession in accordance therewith, all of which was known to Sutherland when he received his deed some time after the transactions, he was bound by them and was not entitled to recover the land in controversy; and, therefore, entered judgment upon the demurrer to the evidence in favor of defendant in error.

We think it is clear, upon the face of the deeds, that Sutherland was entitled to a five-foot alley, as described in his declaration, and the sole question which we need to consider is, whether or not the agreement between Miller and Emswiller defeats his right to recover.

However the law may be elsewhere, in Virginia it was held as long ago as *Harris* v. *Crenshaw*, 3 Rand. at p. 14, "that if two coterminous owners of land agree, by parol, to establish a line between them, which they both knew and which in truth was different from the true line, the title

does not pass thereby. But if the line was run and marked as a dividing line between them, and it was agreed upon by parol as the line, if there were two processionings of a part thereof, and the parties and those claiming under them acquiesced in the said line for twenty years, it is equivalent to a surrender of possession of any land which may be cut off by the said line, although it might have belonged, before the line was run, to the other party."

In *McMurray* v. *Dixon*, 105 Va. 605, this court said: "A disclaimer of a freehold estate can only be made in this State by deed, or in a court of record. In the case of disputed boundaries, the parties may agree upon a line, by way of compromise, and if they take and hold possession up to that line for the requisite statutory period the mere possession will, in time, ripen into title; but no mere parol agreement to establish a boundary and thus exclude from the operation of a deed land embraced therein can divest, change, or affect the legal rights of the parties growing out of the deed itself."

We think the evidence tends to show that the ten-foot alley-way was co-extensive with the depth of the lots, and that, upon authority of the cases cited, judgment should have been rendered for the plaintiff in error, and the judgment of the circuit court must, therefore, be reversed.

*Reversed.*