𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

VIRGINIA TALC AND SOAPSTONE CO., INC., V. HURKAMP.

March 13, 1919.

1. ASSUMPSIT—*Common Counts—Special Contract.*—The general rule is that an action of assumpsit in which the declaration contains only the general counts cannot be maintained on a special contract. But when the claim is merely pecuniary and is founded on a consideration past or executed, it is sufficient to declare upon the general, or as they are often styled, the common counts. In the instant case plaintiff was held entitled to recover on a declaration containing only the common counts, although the proof disclosed a special contract, but one which was not breached by either party thereto during the period covered thereby and one fully executed by the plaintiff, so as to entitle him to demand payment of the compensation fixed by the contract for the work done by him under it, the contract calling for the payment of money by the defendant as such compensation.

2. APPEAL AND ERROR—*Conflicting Evidence—Demurrer to Evidence Rule.*—Where a question of fact has been concluded against a defendant by the verdict of a jury upon conflicting evidence, the Supreme Court of Appeals cannot disturb that conclusion.

3. WITNESSES—*Explanatory Statement.*—In an action of assumpsit to recover for services rendered, plaintiff in his testimony on examination in chief had, without objection on the part of defendant company, given a narrative of his connection with the company, in the course of which he had testified that he had an agreement with the president of the company, by which he was to be paid $300 a month for the period from November 1, 1913, to November 1, 1914, but that he had accepted a less sum in full of salary for the first eight months.

*Held:* That under these circumstances further testimony of plaintiff as to why he accepted this lesser sum was relevant to clarify and make definitely understood his narrative of his prior dealings with the defendant which was already in testimony unobjected to, and that the particular subject of these questions was material to an understanding of the testimony bearing on the direct issue in the case.

4.  WITNESSES—*Impeachment—Contradictory Statements.*—In an action of assumpsit by plaintiff to recover for services rendered to defendant company, the president of the company had, on examination in chief, testified that he had not made the contract of employment of the plaintiff as per the testimony of the latter. On cross-examination, the president was asked, in substance, if he had on a certain occasion stated to an impeaching witness that he had made such contract. The fact about which the president was being cross-examined was the making of the contract in question. The fact was not collateral or irrelevant, but directly in issue. Therefore, the testimony of the impeaching witness that the president had made a statement to him in regard to the contract in conflict with the president's testimony was admissible.

5.  INSTRUCTIONS—*Must be Based on the Evidence.*—In an action of assumpsit to recover for services rendered, an instruction that plaintiff was not entitled to recover for any services performed or alleged to have been performed, as secretary or director of defendant company, was properly refused, when such recovery was not sought by any testimony for the plaintiff, nor were the services of the plaintiff as secretary or director alleged in any way as a basis for such recovery. It was an instruction upon an immaterial issue and could have served no purpose except to confuse the jury.

6.  MASTER AND SERVANT—*Measure of Recovery by Servant for Breach of Contract.*—Where there is a special contract, which has not been breached by either party during the period covered by it, its provisions measure the quantum of services to be performed by the plaintiff suing or recovering thereon, for he in such case recovers, not upon the basis of *quantum meruit,* but the contract price of his services, if he proves that he has fully performed the services required by the contract.

7.  MASTER AND SERVANT—*Measure of Recovery by Servant for Breach of Contract.*—When a contract of hiring is breached by the discharge of the person employed, then, of course, the latter cannot recover his hire or wages for the whole original contract period, merely by continuing to perform the services originally required thereby, for the contract is then at an end; his right of action is, in such case, not upon the contract, but for damages for the breach of it, and he must minimize the damages by doing all reasonably within his power to obtain employment elsewhere.

Error to a judgment of the Corporation Court of city of Fredericksburg in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This is an action of assumpsit brought by the defendant in error as plaintiff against the plaintiff in error to recover $4,000.00 of indebtedness of the latter to the former alleged as existing as of June 30, 1915.

The declaration contains only the common counts. It does not declare specially upon any contract.

There is ample evidence for the plaintiff, however, in the record to have warranted the jury in finding that Haas, the president of the defendant company, was authorized by it to employ the plaintiff, Hurkamp, as general manager for a period from July 1, 1914, to June 30, 1915, inclusive, and to bind the company to pay Hurkamp such an amount as such salary as the president and Hurkamp might agree upon; that such two parties did agree upon the sum of $3,500 as the amount of such salary which the company should pay for the services of Hurkamp as general manager for the period aforesaid; that Hurkamp was not discharged by the company from such employment during such period; and that Hurkamp continued in such employment of the company during the whole of such period and fully performed the contract on his part by doing all of the work he was obligated to do thereunder. Such evidence consists for the most part of the testimony of the plaintiff, Hurkamp.

There was evidence for the company in conflict with that above mentioned, consisting for the most part of the testimony of the said president and certain letters of the plaintiff in which he did not make it plain that be claimed, prior to the bringing of his action, that there had been the express contract of hiring aforesaid.

In the progress of the trial there were two exceptions to the admission of testimony for the plaintiff, which are made the basis of assignments of error.

(a) The first of these admissions of testimony, over the objection of the company, will appear from the following

questions and answers in the examination in chief of the plaintiff, Hurkamp:

"25Q. State to the jury how it was that you accepted the $1,600.00 for the period beginning November 1, 1913, to July 1, 1914?

\*      \*      \*      \*      \*      \*

A. Well, the company was hard up all the time; that is, it was hard to get money from them. I had different talks with Haas, occasionally with Buckingham, treasurer of the company, who practically conferred with Haas, and they said they were taking nothing out of it, couldn't I take less; that after a while they would make it up to me, and on the promises they made, I scaled it from $300 to $200.

"27Q. To $200?

"A. Yes, sir."

(b) The second of these admissions of testimony, over the objection of the company, consisted of the admission of the testimony of a witness for the plaintiff, after due foundation had been laid therefor, to the effect that the president of the company, in July, 1914, made a statement to the witness in conflict with the testimony of such president that he had not made the contract of employment as claimed in the testimony of the plaintiff.

The court instructed the jury that they could consider such testimony only in connection with the purpose of the plaintiff to impeach the said president as a witness "and for no other purpose whatever."

The instructions further clearly submitted to the jury the questions of fact referred to in the third and fourth paragraphs of the statement above.

The jury found a verdict for the sum of $3,500.00, which the trial court declined to disturb, and it entered the judgment under review accordingly.

*A. T. Embrey,* for the plaintiff in error.

*William K. Goolrick & C. O'Conor Goolrick, V. R. Shackelford* and *W. W. Butzner,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The assignments of error raise the questions which will be passed upon in their order as stated below.

[1]   1. The action being one of assumpsit, the declaration containing no count declaring on a special contract; and the proof disclosing a special contract, but one which was not breached by either party thereto during the period covered thereby and one fully executed by the plaintiff, so as to entitle him to demand payment of the compensation fixed by the contract for the work done by him under it, and the contract calling for the payment of money by the defendant as such compensation—is the plaintiff entitled to recover on such a contract upon such a declaration?

The question must be answered in the affirmative.

It is true that the general rule is that an action of assumpsit in which the declaration contains only the general counts cannot be maintained on a special contract. But when "the claim is merely pecuniary and is founded on a consideration past or executed, it is sufficient to declare upon the general, or, as they are often styled, the common counts * * *." 4th Minor's Inst. (3rd ed.) pt. 1, p. 695. To the same effect are Burks' Pleading, pp. 132, 133; 4 Cyc. 328, and authorities cited by these works. See *B. & O. R. R. Co. v. Polly,* 55 Va. (14 Gratt.) 447.

[2]   Indeed, we do not understand that this well-settled proposition is disputed by the plaintiff in error. It is its contention, first, that no special contract of hiring existed; secondly, that the contract, if any, was an implied one, aris-

ing from a short continuance of service of the plaintiff after the expiration of a former service, and that the plaintiff was discharged from such continuing service when it had existed only eight days; that plaintiff rendered little, if any service, to the defendant thereafter; and that for such service the plaintiff can recover, if at all, only upon proof of the value of such service. This position would be sound in law, upon the same authorities as are above cited, if correct in fact. The question of fact has been concluded against the defendant, however, by the verdict of the jury upon conflicting evidence, as outlined in the statement preceding this opinion. Under the familiar statutory rule governing our consideration of the evidence we cannot disturb that conclusion.

[3]   2. Did the court below err in admitting the testimony of the plaintiff set forth in paragraph (a) of the statement preceding this opinion?

The objection of the defendant to the admission of such testimony was that it was irrelevant to the issue, and that it tended to the prejudice of the defendant, and, hence, such action of the trial court is assigned as reversible error.

The witness, in his preceding testimony on examination in chief, had, without objection on the part of the defendant, given a narrative of his connection with the company from its organization in 1912, in the course of which he had testified that he had an agreement with Mr. Haas, the president of the defendant company, by which plaintiff was to be paid as general manager $300.00 per month for the period from November 1, 1913, to November 1, 1914, but that he was actually paid only an aggregate of $1,275.00 or $1,-280, dollars of this salary by July 1, 1914, and that he was paid a balance of $325.00 or $320.00 in the fall of 1914, making $1,600.00, which he accepted in full of salary to July 1, 1914. He was then asked the questions and made the answers objected to as aforesaid.

We are of opinion that such testimony was relevant to clarify and make definitely understood his narrative of his prior dealings with the defendant which was already in testimony, unobjected to, and that the particular subject of these questions was material to an understanding of the testimony bearing on the direct issue in the case.

Hence, we find no error in the action of the trial court in admitting such testimony.

[4] 3. Was there error in the action of the trial court in admitting the impeaching testimony referred to in paragraph (b) of the statement preceding the opinion?

The witness, Haas, sought to be impeached, had, on examination in chief, testified that he had not made the contract of employment of the plaintiff as per the testimony of the latter. Thereupon, on cross-examination, Haas was asked, in substance, if he had, on a certain occasion, etc., stated to the impeaching witness that he had made such contract.

The fact about which Haas was being cross-examined was the making of the contract in question. This fact was not collateral or irrelevant, but directly in issue. Therefore, under the authority, cited for the plaintiff in error, on this point, of *B., C. & A. R. Co.* v. *Hudgins,* 116 Va. 27, 81 S. E. 48, and *Forde* v. *Commonwealth,* 57 Va. (16 Gratt.) 547, 556, therein quoted from, the impeaching testimony objected to was admissible.

It was not the fact as to whether Haas had made such contradictory statement, about which he was being cross-examined (as is urged in the petition of the plaintiff in error), but the fact as to whether he had made the contract of employment which Haas had denied making.

The sole remaining question for our determination, raised by the assignments of error, is the following:

[5] 4. Was there error in the refusal of the trial court to give the following instruction asked for by the defendant in error?

"7. The court instructs the jury: That plaintiff Hurkamp is not entitled to recover any money in this action for any services performed or alleged to have been performed by him as secretary or director of defendant company since, by the by-laws of said company, its officers and directors were to perform their duties as such without compensation unless he devoted his whole time thereto."

This instruction was properly refused because such a recovery was not in issue in the case. Such a recovery was not sought by any testimony for the defendant in error, nor were services of the plaintiff as secretary or director alleged in any way as the basis for such recovery. It was an instruction upon an immaterial issue and could have served no purpose except to confuse the jury.

[6, 7] This instruction was especially likely to confuse the jury because of its reference to the matter of the devotion of plaintiff in error's "whole time," which defendant in error erroneously contended throughout the trial was essential to the plaintiff in error's right of recovery. The true rule being that where there is a special contract, which has not been breached by either party during the period covered by it, its provisions measure the quantum of services to be performed by the plaintiff suing or recovering thereon, for he in such case recovers not upon the basis of *quantum meruit,* but the contract price of his services, if he proves that he has fully performed the services required by the contract, be they much or little. *B. & O. R. R. Co.* v. *Polly,* 55 Va. (14 Gratt.) 447. When a contract of hiring is breached by the discharge of the person employed, then, of course, the latter cannot recover his hire or wages for the whole original contract period merely by continuing to perform the services originally required thereby, for the contract is then at an end; his right of action is, in such case, not upon the contract, but for damages for the breach of it, and he must minimize the damages by doing all rea-

sonably within his power to obtain employment elsewhere. Such is the principle on which rest the cases of *Willoughby* v. *Thomas,* 65 Va. (24 Gratt.) 521; *Crescent Co.* v. *Eynon,* 95 Va. 151, 27 S. E. 935, and other like authorities cited on this point for the defendant in error.

If there had been any evidence in the case tending to show that the plaintiff devoted his whole time to services as secretary or director of the company (which there was not) there was no claim on his part or evidence tending to show that this kind of service would have entitled him to any recovery.

On the whole, therefore, we find no error in the action of the trial court complained of, and the judgment under review will be affirmed.

*Affirmed.*