813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
B.T. COLLUM and Barbara Collum, Parents and next of kin to
Barbara Jo Collum, a minor, Appellants,
v.
Chatham HALL, Appellee.
 No. 85-1629.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 13, 1987.
Decided Feb. 12, 1987.
 
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Wilbur O. Colom, Dennis Harmon, Colom & Colom, P.A., on brief, for appellant.
 S.J. Thompson, Jr., Theodore J. Craddock, Caskie, Frost, Hobbs, Thompson, Knakal & Alford, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Before this Court is the Collums' appeal from a jury verdict in favor of Chatham Hall. The sole issue presented by this appeal is whether the district court erred in failing to instruct the jury on plaintiffs' theory of the case. We find no error and affirm.
 
 
 2
 Barbara Jo Collum left Chatham Hall, a private academy for high school girls, after Chatham Hall's honor council recommended to the dean of students that she be dismissed for violation of the school's honor code. The dean reviewed the honor council's decision and offered Barbara Jo Collum the chance to withdraw or suffer dismissal. Barbara Jo Collum chose to withdraw. The Collums then sued Chatham Hall alleging three causes of action, and the suit went to the jury on the breach of contract claim. The Collums challenge the district court's refusal to instruct the jury on their theory of the case, which was that Chatham Hall had contracted to perform its services above the normal, reasonable standard of conduct implied in all contracts.
 
 
 3
 We first recognize that the Collums' suit is a diversity suit based on their contract with Chatham Hall; Virginia law therefore governs this case. See Cloud v. Trustees of Boston University, 720 F.2d 721, 724 (1st Cir.1983).
 
 
 4
 In a diversity action, as in all cases tried before a jury, a district court has a duty to fully and fairly inform the jury of the law of the case applicable to the particular facts. A plaintiff is not entitled to have his theory presented to the jury unless "there is sufficient evidence to support ... a theory ... the party [is] offering.... The evidence necessary to justify an instruction must be more than conjecture and speculation." Brownlow v. Aman, 740 F.2d 1476, 1490 (10th Cir.1984) (citations omitted). Our review of the record indicates that no evidence supported the Collums' theory that Chatham Hall had contracted to perform its services above the normal and reasonable standard of conduct implied into all Virginia contracts.
 
 
 5
 It is true that the Virginia courts will enforce a contract which imposes a higher than ordinary and reasonable standard. Hatton v. Mountford, 105 Va. 96, 52 S.E. 847 (1906). The Collums failed, however, to produce any evidence which supported their theory of the case. The district judge acted properly in refusing to instruct on their theory of the case.
 
 
 6
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.