Lawrence M. LEAHEY, Plaintiff,

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

Civ. A. No. 87–1381–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 23, 1988.

Lowry J. Miller, Miller, Miller & Kearney, Arlington, Va., for plaintiff.

Warren D. Harlan, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., Elizabeth A. McKanna for Federal Exp. Corp.

### ORDER

ELLIS, District Judge.

This is a diversity suit for wrongful termination of employment. Plaintiff claims his employment was wrongfully terminated because his discharge was not based on just cause. Defendant contends plaintiff was an employee at will and that cause for termination was therefore unnecessary. Defendant further contends that even if plaintiff was not an at will employee, his termination was amply supported by just cause.

■ The matter is before the Court on plaintiff's motion in limine to exclude certain evidence defendant is likely to offer concerning allegations of sexual harassment and racial slurs by plaintiff while on the job. Lucy Garland, a former employee of defendant, has made these allegations in a Maine state proceeding and defendant has now taken her videotape deposition for use at the trial of this matter. Plaintiff objects, pointing out, as defendant readily concedes, that defendant did not learn about these allegations or have any knowledge whatsoever about them until after plaintiff's termination. Since these allegations could not have served as one of the bases for termination, plaintiff argues they are therefore irrelevant and excludable under Rules 402 and 403, Fed.R.Evid.

Plaintiff's contention is contrary to sensibly settled law. In Virginia, it has long been established that just cause for termination may include facts and circumstances not known to the employer. In *Crescent Horseshoe Co. v. Enyon*, 95 Va. 151, 27 S.E. 935, 936 (1897), the then Supreme Court of Appeals stated this principle thusly:

It is well settled that where a sufficient cause exists for the discharge of a servant, although not the inducing motive to the discharge, or even known to the master, it will justify the discharge. The law only requires that there be an actual breach of the express or implied condition of the contract in order to justify the discharge, and if such cause in fact exists, the master may avail himself of such breach in defense of an action brought against him for damages resulting from an alleged wrongful dismissal.[1]

Subsequent cases in Virginia and elsewhere have followed this principle. *See, e.g., Spotswood Arms v. Este*, 147 Va. 1047, 1065–66, 133 S.E. 570, 576 (1926); *In re Nagel*, 278 F. 105, 109 (2d Cir.1921) ("if at the time of discharge [the employer] assigns a reason, he is not thereby precluded from afterwards relying upon a different reason, whether known to him at the time of discharge or not"); *Heyman v. Kline*, 344 F.Supp. 1088, 1101 (D.Conn. 1970); *Prewett v. Citizens Nat'l Bank*, 66 W.Va. 184, 66 S.E. 231 (1909); 53 Am.Jur. 2d *Master & Servant* § 46 (1970). Thus, the evidence of allegations of racial slurs and sexual harassment may not be excluded as irrelevant simply because defendant did not know of them at the time of termination.

■ Plaintiff, however, raises a further point. He claims the evidence is excludable because it would permit, if not require, the jury to speculate concerning whether or not defendant, following its internal procedures, would have terminated plaintiff on the basis of Ms. Garland's allegations. This contention, too, is flawed. The jury would not be cast adrift to speculate; it would render a decision anchored in evidence concerning defendant's procedures and practices. The Fourth Circuit put this point to rest in *Smallwood v. United Airlines, Inc.*, 728 F.2d 614 (4th Cir.), *cert. denied*, 469 U.S. 832, 105 S.Ct. 120, 83 L.Ed.2d 62 (1984). There the Fourth Circuit in an age discrimination in employment case reversed a district court's rejection of the defendant's post hoc defense. In doing so, the Court relied upon *Mt. Healthy City Bd. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and its progeny, all of which generally support the principle that a defendant may offer evidence concerning facts which would have led it to refuse to hire an individual, even if those facts were not known to the employer at the time. The Court's language in this regard:[2]

The idea that the defense, based as it was on undisputed facts, should be dis-

---

**1.** The Court in *Crescent* affirmed refusal of an instruction embodying this principle because there was no evidence to support it; the employer there had pre-termination knowledge of all the causes. *Id.* 27 S.E. at 936.

**2.** Plaintiff also argues that defendant's employee manual sets forth a progressive disciplinary procedure that would seem to foreclose termi-

nation as a response to the allegations. Plaintiff fails to note, however, that defendant's procedures also provide for immediate dismissal of the employee engaging in the conduct of the sort alleged by Ms. Garland. In any event, this would be a matter on which defendant would bear the burden of persuasion.

missed or burdened with the heavy cloak of skepticism because it was an 'after-the-fact rationale' is a reason that is completely contrary to the bellwether case in this area of *Mt. Healthy.* In that case, the Court said:

> Initially, in this case, the burden was properly placed upon respondent to show that this conduct was a 'substantial factor'—or, to put it in other words, that it was a 'motivating factor' in the Board's decision to hire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.

In short, the Supreme Court instructed district courts in cases where the issue is such as here that they *'should'* proceed to make the 'after-the-fact rationale' which the district court in this case deprecates.

728 F.2d at 623 (emphasis in the original) (citation omitted). In sum, evidence of allegations of sexual harassment and racial slurs are relevant and admissible in this matter and not excludable on the ground that the jury would be forced to speculate concerning whether this evidence would have led to plaintiff's termination.

█ There is, however, another obstacle to admissibility that might be insurmountable. It appears that Ms. Garland has brought suit in a Maine state court or administrative body against Federal Express based on these allegations. It is unclear from the briefs and oral argument whether these allegations are admitted or contested by the defendant in this proceeding. It would be manifestly unjust to permit defendant to deny and contest the allegations in the Maine state proceeding while at the same time offering, relying upon and vouching for those same allegations in this proceeding. The Court will not permit the defendant to have it both ways. Accordingly, Ms. Garland's testimony concerning sexual harassment and racial slurs will be excluded unless defendant makes a satisfactory showing through affidavit or otherwise that defendant admits or accepts Ms. Garland's allegations. Thus, the motion in limine is held in abeyance pending submission by the defendant of an affidavit or other pleading setting forth its position with regard to the allegations in the Maine proceeding.